WARREN H. KELLY, RESPONDENT, v. JOSEPH F. BONESTEEL, APPELLANT.

*Costs upon an appeal from a judgment of a Justice's Court — in comparing the verdicts no interest is to be added to the first — Code of Civil Procedure, sec. 3070.*

In determining whether a verdict rendered upon an appeal from a judgment of a Justice's Court "is more favorable to the appellant by the sum of ten dollars than the verdict or decision in the court below," as provided in section 3070 of the Code of Civil Procedure, the second verdict must be compared with the first, and not with the first as increased by the interest accruing upon it from the time it was rendered to the time of the recovery of the second one.

APPEAL by the defendant from an order of the Monroe County Court, refusing a motion to set aside a judgment so far as it awards costs to the plaintiff.

The plaintiff recovered on the 16th of August, 1881, a judgment against the defendant for seventeen dollars and fifty cents damages.

The defendant appealed, and the new trial in the County Court of Monroe county resulted in a verdict in favor of plaintiff for eight dollars and twenty-five cents on the 11th of September, 1882. The interest on the verdict in the Justice's Court from 16th of August, 1881, to 11th of September, 1882, is one dollar and twelve cents.

The action was for personal services rendered in taking care of cattle, and the damages were unliquidated.

*H. H. Woodward,* for the appellant.

*George W. Hall,* for the respondent.

HARDIN, J.:

Under section 3070 the appellant contends that the interest upon the first recovery should be computed and added to the verdict, and then the last verdict subtracted from that amount, and the difference found to be ten dollars and thirty-seven cents, and that as that difference is more than ten dollars appellant should recover costs.

The language of the section to be considered is, viz. : " If an offer is not made and the verdict, report or decision upon the appeal is *more favorable to the* appellant by the sum of ten dollars than the verdict or decision in the court below, * * * the appellant is entitled to recover costs upon the appeal, otherwise the respondent is entitled to recover costs."

Section 371 of the Code of Procedure contained substantially the same provision. It has been determined that the interest upon the first verdict cannot be added to it, and the second verdict subtracted from the amount so ascertained. That one verdict must be subtracted from the other, and if the difference is not more than ten dollars then the appellant is not entitled to recover costs but must pay costs to the respondent. (*Smith* v. *May*, 32 How., 224 ; *Whitney* v. *Wells*, cited in above case and decided in 1864 ; *Humiston* v. *Ballard*, 39 id., 93 ; S. C. approved, 40 id., 44, Third Dept.) *Baldwin* v. *Brown* (37 How., 387) was decided " without computing interest on the offer from the time it was made," and is not an authority under which the rule contended for by the appellant can be sanctioned. In *Pearce* v. *The Northern Central Railroad Company* (5 Weekly Dig., 566) this court held that " interest is to be left out of consideration in determining the question of costs." (See, also, *Chapin* v. *Skeels*, 20 Hun, 449 ; *Pike* v. *Johnson*, 47 N. Y., 2 ; *Johnston* v. *Catlin*, 57 N. Y., 652 ; *Snyder* v. *Hughes*, 27 Hun, 374.)

Interest cannot be added to the sum offered, in determining whether a judgment is more favorable when the damages are unliquidated. (*Bathgate* v. *Haskin*, 63 N. Y., 267.)

We are of the opinion that the order made by the County Court accords with the weight of authority upon the point involved and, therefore, should be affirmed.

SMITH, P. J., and BARKER, J., concurred.

Order affirmed, with ten dollars costs and disbursements.