Samuel J. Hunt, Respondent, *v.* George M. Chapman, impleaded, etc., Appellant.

An action to foreclose a mortgage given to secure a bond, wherein judgment is asked against the obligor for any deficiency, is, as to the latter, an action arising on contract, and one wherein a several judgment may be had, and hence is subject to a counter-claim of any other cause of action on contract which such obligor had against plaintiff at the time of the commencement of the action.

(Argued January 13, 1873; decided March term, 1873.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial district, affirming judgment in favor of plaintiff entered upon the report of a referee.

The action was brought to foreclose a mortgage given by defendant, Chapman, to Eunice Chapman, to secure the payment of his bond of $5,490, and interest, which bond and mortgage were held by plaintiff as assignee.

The complaint was in the usual form, concluding with a demand that the defendant, Chapman, might be adjudged to pay any deficiency which might remain after applying all the moneys that might arise from a sale of the mortgaged premises; no personal claim was made against any other defendant

except Chapman. Chapman alone answered, alleging among other defences that before the first day of January, 1861, he delivered to the plaintiff for collection certain promissory notes (describing each one of them), amounting in all to $3,802.61, which the plaintiff received from him for that purpose and which he had collected in whole or in part, and though often requested had refused to pay over the proceeds thereof, or apply the same on the bond and mortgage described in the complaint. On the trial before the referee, after the plaintiff had given his bond and mortgage in evidence and rested, the defendant, Chapman, offered to prove the truth of the statements made in his answer, which, upon objection thereto being made by the plaintiff's counsel, was rejected, and the defendant excepted; and after the proofs in the case had closed, the referee made his report directing judgment of foreclosure of sale of the mortgaged premises for the payment of $6,780.80, and costs, and in case the proceeds of the sale should be insufficient to pay that sum, and costs and interest, that Chapman pay the deficiency. Judgment was entered accordingly.

*Nathaniel C. Moak* for the appellant. The bond was the debt, and the mortgage a mere incident thereto. (*Merritt* v. *Bartholick*, 36 N. Y., 44; 34 How. Pr., 129; 47 Barb., 253.) Defendant had a right to interpose in his answer a statement of any new matter constituting a counter-claim. (Code, § 149; *Nat. F. Ins. Co.* v. *McKay*, 21 N. Y., 191.) The action was one on contract, and the counter-claim set up in defendant's answer was a proper subject of defence. (*Agate* v. *King*, 17 Abb., 159; *Nat. F. Ins. Co.* v. *McKay*, 21 N. Y., 191–196; *Hall* v. *Hall*, 30 How. Pr., 55; *Chapman* v. *Robertson*, 6 Paige, 627–630; *Rosevelt* v. *Bank of Niagara*, Hopk., 574; *In re Globe Ins. Co.*, 2 Edw. Ch., 625; *Osgood* v. *De Groot*, 36 N. Y., 352, 356; *Burchard* v. *Frazer*, 23 Mich., 224; *Andrews* v. *Artisans' Bank*, 26 N. Y., 301; Code, §§ 149, 150.) The referee's refusal to allow any proof of a counter-claim is sufficient cause for a reversal. (*Lake* v. *Artisans'*

*Bank,* 3 Keyes, 276; *Requa* v. *Holmes,* 16 N. Y., 193, 202; *Adams* v. *Saratoga, etc.,* 10 id., 334; *Moffet* v. *Sackett,* 18 N. Y., 522; *Wood* v. *Orser,* 22 id., 348.) Plaintiff having replied to the counter-claim was estopped from objecting to proof thereof. (*Hammond* v. *Terry,* 3 Lans., 188; *Ayres* v. *O'Farrell,* 10 Bosw., 14?

*Smith & Woodward* for the respondent.

GRAY, C. This action, although denominated an action for the foreclosure of a mortgage, is in law and in fact an action for the recovery of the amount unpaid on Chapman's bond; first by an order for the sale of the premises mortgaged by him as collateral security for its payment, and the application of the avails of the sale to that purpose, and then for a judgment against him for the deficiency. It is not only an action against Chapman upon his contract to pay the amount specified in his bond, to which an offset might have been pleaded before the Code (2 R. S., 354, § 18, sub. 1), but one in which, under the Code, a several judgment might be (and in this case was in fact) had, as between the plaintiff and the defendant, Chapman, and, hence, was subject to a counter-claim of any other cause of action arising also on contract which Chapman had against the plaintiff at the time of the commencement of this action. (Code, § 150, sub. 2; and see *National Fire Ins. Co.* v. *McKay,* 21 N. Y., 191, 196.)

It follows that the referee erred in rejecting Chapman's offer to prove the defence set up in his answer, and that the judgment of the General and Special Term should be reversed and new trial granted, costs to abide event.

All concur; LOTT, Ch. C., not sitting.

Judgment reversed.