ISAAC LUMBARD, Appellant, v. THE SYRACUSE, BINGHAMTON AND NEW YORK RAILROAD COMPANY, Respondent.

In an action to foreclose a mechanic's lien, plaintiff claimed judgment for $527.63 ; the owner alone appeared and served an offer under the Code (§ 385) that plaintiff might take judgment for $226.50. By the judgment it was adjudged that plaintiff had a lien for $202.16.   *Held*, that the claim against and the offer by the owner were not affected by the question as to whether a personal judgment might have been obtained against other parties; that the offer was, in effect, that the lien might be enforced for the sum specified ; that a more favorable judgment was obtained; and therefore, that defendant was entitled to costs accruing after the offer.

The judgment below was for the full amount of plaintiff's claim ; it was modified upon appeal to this court by reducing it to the sum specified. The offer did not appear in the appeal papers and the judgment as modified was affirmed without costs, the remittitur was filed and made the judgment of the court below; a motion to amend the remittitur was made and denied.   *Held*, that the effect of the modification was the same as though the judgment had been originally rendered for the reduced amount; that this court had no power to deprive the defendant of the statutory benefit of the offer; and that its action did not prevent the court below from giving effect to such offer, but by implication was subject to the enforcement of defendant's statutory rights.

(Argued June 8, 1875 ; decided June 15, 1875.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, reversing an order of Special Term which denied a motion made by the corporation defendant to set aside or vacate the judgment herein and for leave to said defendant to enter judgment for costs.

This action was brought to enforce a mechanic's lien upon premises of the corporation for materials furnished to the other defendants, contractors. Plaintiff claimed a lien for $527.63. The corporation only appeared and answered, and served an offer of judgment for $226.50. A trial was

had before a Special Term and the court ordered judgment
for $571 damages, and established a lien for that amount
and thereupon judgment was entered for that amount and
costs.   An appeal was taken to the General Term where
the judgment was affirmed with costs.   Thereupon the said
defendant appealed to the Court of Appeals and it was there
decided that "the judgment appealed from must be reversed
and a new trial ordered, costs to abide the event, unless the
plaintiff shall stipulate to reduce the judgment for his lien
upon the property to $202.18 with interest thereon from
November 28, 1869, and in that event the judgment as so
modified should be affirmed without costs to either party in
this court."   Defendant stipulated, the remittitur was filed
and the judgment made the judgment of the court below.

In April, 1874, the defendant made a motion in the Court
of Appeals for an "order so altering the decision of said
court as to permit the said defendant and appellant to tax and
collect such costs and disbursements as have accrued since
the service of the offer," or "for such other or further rule
or order as to the court shall seem proper."   That motion
was denied.

*Amasa J. Parker* for the appellant.   An offer to take
judgment must be so made that there can be no misunder-
standing about it, and must be sufficient on which to enter
judgment.   (12 How. Pr., 552; 32 id., 137; 53 Barb., 432.)

*Wm. C. Ruger* for the respondent.   This court had only
jurisdiction to enforce the lien.   (4 Denio, 245; 27 How.
Pr., 377; 28 N. Y., 487.)   Defendant was entitled to costs
after service of the offer of judgment in the event that
plaintiff finally failed to recover a more favorable judgment
than the one offered.   (*La Farge* v. *Chilson*, 3 Sandf., 752;
*Griffiths* v. *De Forest*, 16 Abb., 292; 16 How. Pr., 203; 25
id., 336.)   The Court of Appeals has no original jurisdiction
over the question of costs in another court.   (1 Den., 436.)

*Per Curiam.* The action was brought to enforce a mechanic's lien against the property of the defendant in which the sum of $527.63 was claimed. A recovery was had for the full amount, and the judgment entered thereon was affirmed at General Term. Upon appeal to this court the judgment was reduced to $202.16, and, as modified, affirmed, without costs, in this court. It appears that the defendant served an offer, under the Code, that the plaintiff might take judgment against the defendant for $226.50, with costs, and having procured a judgment more favorable to it than the offer, seeks to secure the benefit of it by recovering costs. A motion was heretofore made in this court to amend the *remittitur,* so as to enable the party to apply to the court below for that purpose, which was denied. Subsequently a motion was made at Special Term and denied, but the order denying it was reversed at General Term by an order from which the present appeal is taken.

First. It is urged, in behalf of the plaintiff, that he was entitled to recover the amount claimed, $527.63, as a personal judgment against one or more of the defendants, irrespective of the right to enforce the lien; that the offer of judgment for $226.50 was not restricted to the lien, and that this court only reduced *the lien to* $202.16, without affecting the right to a personal recovery for the whole amount, and hence that a more favorable judgment has not been obtained. We are unable to concur with this position. The plaintiff claimed a lien for the whole amount, and when the defendant offered judgment for a specified sum it was necessarily and legally an offer that the lien might be enforced for that sum. The claim and offer must be construed with reference to each other. It is not material to inquire whether a personal judgment might have been rendered against other parties; it would not affect the claim against and offer by this defendant, and there is no other party before the court. The judgment was reduced below the amount of the offer, and the effect is the same as though such judgment had been originally rendered by the Supreme Court.

Second. It is also claimed that the action of this court in affirming the modified judgment, and subsequently denying the motion to amend the remittitur, has foreclosed this question. This suggestion has, apparently, considerable force, and the Special Term was entirely justified in so holding. The affirmance of the modified judgment, without regarding the effect of the offer, necessarily resulted from the fact that the offer did not appear in the papers, and, of course, no notice could be taken of it. The denial of the motion did not necessarily prevent the Supreme Court from giving effect to the offer. It does not appear upon what ground the motion was denied, but, upon a review of the question, we have come to the conclusion that the defendant is entitled to the benefit of his offer, which the statute gives him upon the reduction of the judgment here, the same as if the recovery had originally been for the reduced amount. The judgment of this court established the amount which should have been recovered in the first instance ; and, in such a case, when the judgment of this court is made the judgment of the court below, it is competent for that court to treat it as the judgment of that court, and to give the party the statutory benefit of the offer. This court has no power to deprive him of it. The modification which reduced the judgment to an amount entitling the defendant to costs cannot override the statute, and must, therefore, by implication, be subject to the enforcement of the statutory right. If the offer appears in the case as it should, perhaps this court would make an appropriate order in its judgment respecting it, but we do not think the party should suffer by reason of the omission, and we see no objection, in such a case, to its being done by the court below. The right to costs in a case of a reduced recovery is fixed by statute, and courts have no discretion over the subject. Although the previous action of this court may seem inconsistent with the right of the court below to exercise the power, we feel constrained to approve its exercise in this case, as the only mode of giving the defendant

the costs secured to him by statute, and of which we cannot deprive him.

The order of the General Term must be affirmed, but, as the practice is somewhat novel, without costs.

All concur.

Order affirmed.