JAMES BATHGATE, Administrator, etc., et al., Respondents, *v.* JOHN B. HASKIN et al., Appellants.

The provisions of section 385 of the Code, giving defendant costs where plaintiff does not accept an offer of judgment, and fails to obtain a more favorable one, applies to foreclosure suits where a personal judgment against the obligor for any deficiency is asked.

*Stevens* v. *Veriane* (2 Lans., 90) overruled.

The fact that after defendant has offered to allow judgment for all that plaintiff is entitled to demand, an application to the court is necessary in order to perfect the judgment does not take the case out of the statute.

In such an action defendants set up as a counter-claim, an account without giving the items; plaintiffs demanded a copy of the items. Before this was served, defendants served an offer to allow judgment against them for a specified sum, and for a foreclosure and sale. Plaintiffs obtained the ordinary judgment of foreclosure and sale, with a personal judgment for any deficiency. The amount found due was less than the offer, the counter-claim having been allowed. It was urged by plaintiff that the judgment obtained was more favorable : first, because of the personal judgment for a deficiency ; second, because the counter-claim was extinguished, and until a copy of items of the account was served the counter-claim was inchoate (Code, § 158), and could not be considered as embraced in the offer. *Held*, untenable, as the offer allowed a personal judgment for the full amount, and thus covered any possible deficiency, and as the answer sufficiently appraised plaintiffs of the nature of the counter-claim.

*Bettis* v. *Goodwill* (32 How. Pr., 137), and *Thompson* v. *Ives* (3 Abb. [N. S.], 367) distinguished.

In determining in such case whether the offer be more favorable, defendant is entitled to have interest upon the amount offered, from the time of the offer to the date of the judgment, added.

The judgment below originally was for more than the amount offered ; it was reduced by allowance of the counter-claim on appeal to this court,*

*59 N. Y., 533.

and in other respects affirmed. The offer did not appear in the appeal papers. *Held,* that the omission thereof did not preclude defendants from the benefits of the offer ; and that, upon the correction of the judgment below, it was competent for the court to give them their statutory rights.

*Bathgate* v. *Haskin* (5 Daly, 361) reversed.

(Argued November 16, 1875 ; decided November 23. 1875.)

APPEAL from order of the General Term of, the Court of Common Pleas for the city and county of New York affirming an order of Special Term, denying a motion on the part of defendants to be allowed after service of an offer in the action under section 385 of the Code. (Reported below, 5 Daly, 361.)

The nature of the action and the facts are sufficiently set forth in the opinion.

*Abel Crook* for the appellants. Costs should be given to the defendants. (Code, § 385 ; *Sturges* v. *Spofford,* 58 N. Y., 103 ; *Bredinbecker* v. *Mason,* 16 How. Pr., 203 ; *Keese* v. *Wyman,* 8 id., 88 ; *Hill* v. *Northrop,* 9 id., 525 ; *Marble* v. *Lewis,* 36 id., 337 ; *Schneider* v. *Jacobi,* 1 Duer, 694 ; *Hunt* v. *Chapman,* 51 N. Y., 55.)

*George W. Stephens* for the respondents. The provisions of the Code, in respect to offers of judgment, do not apply to foreclosure suits. (*Stevens* v. *Veriane,* 2 Lans., 90.) The offer made was not sufficient in form. · (Code, § 385 ; *Bettis* v. *Goodwill,* 32 How Pr., 137.) Defendants are not entitled to compute interest on their offer from the time of its service to the date of the judgment. (*Johnston* v. *Catlin,* 57 N. Y., 652.)

MILLER, J. The action was for the foreclosure of a mortgage, and the complaint demanded judgment against the defendants, personally, for any deficiency which might arise upon a sale of the mortgaged premises. The defendants' answer set up a counter-claim upon an account. The answer was served on the 10th of August, 1866; and with the answer the defendants served an offer to allow judgment to

be taken and entered for the sum of $2,404, with costs, and for a foreclosure and sale, pursuant to section 385 of the Code. The offer was not accepted. A judgment was obtained for $4,565.69, which was reduced by the General Term ; and upon appeal to this court, it was determined that the court below erred in disallowing $545, with interest from 1862, being a part of defendants' counter-claim, and directed that the judgment be reversed and a new trial ordered unless the plaintiffs stipulated to reduce the amount by allowing such counter-claim. * This was done, and left the amount due December 5, 1871, $3,086.16. The amount of the offer, with interest to said last-mentioned time, would be $3,299.36, so that the plaintiff recovered less than the offer. After the remittitur had been filed and made the record of the court below, the defendants moved to strike out of the original decree the allowance of costs to plaintiffs, and that the defendants be allowed costs since the offer. The motion was denied upon the ground that the court had no discretion to grant said motion, and that the offer made by defendant, in omitting to allow a personal judgment against himself for any deficiency, did not afford the plaintiff the means of entering such favorable judgment as he was entitled to. Upon appeal from the order made, it was affirmed at General Term, and an appeal taken to this court.

The right of the defendants to costs, after an offer had been made, and the amount of the recovery was less than the offer, under ordinary circumstances would not be disputed, but various objections are urged which it is claimed deprive the defendants here of that right.

It is said that this court having affirmed the judgment of the court below, as before stated, that court has no authority to review its decision. The offer was not in the papers, and therefore was not noticed when the case was before this court. Its omission by the attorney or clerk who made out the judgment roll should not of itself preclude the defendants from the advantage to be derived from its service, and

* 59 N. Y., 533.

we think that they are entitled to the benefit of the offer which the statute gives upon the reduction of the judgment here. The judgment of this court established the amount which should have been recovered originally ; and that judgment having been made the judgment of the court below, it was competent for that court to treat it as the judgment therein, and to give to the party the statutory benefit of the offer. (See *Lumbard* v. *S., B. and N. Y. R. R. Co.*, 62 N. Y., 290.) It was there said that the party should not suffer by reason of the omission to insert the offer in the judgment roll, and that there was no objection to its being done in the court below.

It is urged that the provision of the Code in respect to offers does not apply to foreclosure cases. This position, we think, is not maintainable. In *Stevens* v. *Veriane* (2 Lans., 90), cited by respondents' counsel, it was held that the provisions of section 385 of the Code, allowing an offer of judgment by the defendant to the plaintiff, are not applicable to equitable actions and to an action for the foreclosure of a mortgage. The decision was put upon the ground that the offer could not be properly proved before the judge, and hence it would be impossible to adjudge the right to costs in view of that offer, as well as because, by the terms of the section, it was intended to apply only to cases in which costs are given as of course to the party who moves in the action, as it provides that the offer shall be that the plaintiff may enter judgment with costs. If, as is here held, costs are discretionary, then there is a seeming conflict between section 385 and section 306, which cannot be reconciled except by allowing one of the two sections to prevail. The former section is sufficiently broad to comprehend all cases both at law and in equity, and the discretion to be exercised under section 306 must yield to the comprehensive character of the enactment in section 385. The object of the provision is to circumscribe and arrest litigation by preventing trials, and thus diminish the expenses arising from the same and avoid the trouble and annoyance as well as the costs of a legal controversy. The statute was a

beneficial one, and should receive a liberal construction, and the object would in part be defeated if it was restricted in its operation. The judgment in foreclosure cases is rendered upon an application to the court, and always provides for costs, the same as other judgments, when costs necessarily follow. It is a matter of course to adjust costs according to the provisions of the Code, and section 308 enacts that additional allowances may be granted in such cases; thus showing an intention to regulate the costs by the Code, even if they are allowed as a matter of discretion. If the Code fixes the amount in such cases, then, for the same reason, the Code properly determines when the defendant shall be relieved from or be entitled to costs. It may also be remarked, that in such an action, where judgment is asked against the obligor for a deficiency, it is virtually an action on contract. (*Hunt* v. *Chapman*, 51 N. Y., 555.) In the case last cited it was said, that an action to foreclose a mortgage was in law and in fact an action for the recovery of the amount unpaid upon the bond. It therefore is not purely an equitable action, and this point was not considered in reference to the personal judgment in *Stevens* v. *Veriane* (*supra*) In *Bettis* v. *Goodwill* (32 How., 137), which was a foreclosure case, and involved a question as to the validity of the offer made by the defendant, it was assumed, in the opinion, that an offer in such a case was within the Code, although the case was decided upon other grounds. In *Lumbard* v. *Syracuse, B. and N. Y. Railroad Co.* (*supra*), the action was for the foreclosure of a mechanic's lien, and it was held that the section of the Code referred to was applicable, and the proper relief was granted. In *Sturgis* v. *Spofford* (58 N. Y., 103), this court, upon appeal, had reversed the judgment except as to a small portion of the same, without costs to either party, and the court below had directed the defendant's costs to be stricken out. The order was reversed and judgment directed for the appellants, with costs subsequent to the failure to accept the offer. The intention of the statute evidently was to embrace cases of foreclosure as well as others where costs

were recoverable; and the defendants were clearly within its spirit. But conceding that the costs are discretionary in such cases, it still rests for the court to determine whether the defendants, who had made an offer in conformity with the Code, should not only be deprived of their costs but be compelled to pay costs. That discretion has not been exercised; and the remittitur having been sent down by which the judgment was affirmed, as therein stated, if necessary to protect the defendant's rights, leave should be granted, on a proper application, to amend the judgment so as to submit to the General Term the question whether the defendants were entitled to costs.

There is no force in the objection that the offer was not sufficient, for the reason that no judgment could have been entered upon it without an application to the court. This is but saying that no offer can be made of a compromise under section 385 of the Code in a foreclosure case. The offer was as broad as the demand for judgment in the complaint, and if it was not sufficient it was because an action for the foreclosure of a mortgage is excepted from the statute permitting offers of a compromise to be made. But the statute is very general, and permits offers to be made in all actions arising on a contract, and the courts cannot engraft an exception upon it which the legislature has not seen fit to make. If for any reason an application to the court is necessary, after the defendant has given his consent to a judgment for all that the plaintiff has a right to demand, that fact would not take the case out of the statute, but the plaintiff could go to the court and ask and obtain upon the offer such final directions as should be necessary to give effect to the offer and perfect a judgment thereon.

The point made, that the plaintiffs have recovered a more favorable judgment than that offered, is not well taken. The offer, as made, allowed a personal judgment for the whole amount, which would include any deficiency which might arise after a sale. This was broad enough to cover any possible failure to realize the amount by a sale.

The case differs from *Bettis* v. *Goodwill* (*supra*), which is relied upon by the plaintiffs' counsel, for there the offer was restricted and did not include the amounts which might thereafter become due and to which the plaintiff was entitled. Here the offer was comprehensive and full enough to cover the whole amount.

It is claimed in this connection that a counter-claim for a large amount was extinguished, which was not referred to in the offer of judgment, and which if added to the amount of the recovery would greatly exceed the offer and interest thereon, and as no copy of the account was furnished until after the time to accept the offer had expired, the answer did not advise the plaintiffs of the nature and extent of the defendants' claims and they cannot be considered. The answer sufficiently stated what the claim was, so as to enable the plaintiffs to determine whether they would accept the offer, and it was not required that the defendants should defer their offer until the account was demanded and furnished, and incur the hazard of paying additional costs in case the plaintiffs made no demand. For any thing that appears to the contrary, the plaintiffs were sufficiently informed of the nature of the defendants' claim, so as to determine whether they would accept or reject it, and such being the case. were bound to act or take the consequences of a refusal. In the case of *Tompkins* v. *Ives* (3 Abb. Pr. [N. S.] 367), which is relied upon, no answer had been served, and it was held that the offer would operate upon the plaintiffs' claim, but not on the independent causes of action existing in favor of the defendant; that it should be construed as an offer in the action at the time it was served, and in its *then* condition and without reference to the changed condition by the future proceedings. As the defence here was interposed and the plaintiff informed of its true character by the answer, the case cited is not in point.

The defendants were clearly entitled to have interest computed upon the amount of the offer from the time it was made to the date of the judgment. The rule that interest

cannot be added to the sum offered in determining whether the judgment is more favorable, is only applicable to actions where the damages are unliquidated, and not to a case like this. (*Johnson* v. *Catlin*, 57 N. Y., 652.) No other question demands comment.

There is no good reason, as the facts are all before us, why this court should not grant the proper relief, and the order of the Special and General Terms should be reversed, the motion granted and proceedings remitted without costs of this appeal to either party.

All concur.

Ordered accordingly.