## N. Y. COMMON PLEAS.

FRANCIS BURBRIDGE *et al.* agt. PETER HART *et al.*

*Mechanic's lien foreclosure — Laws of* 1875, *chapter* 379 — *Order of arrest — Code of Civil Procedure, section* 550.

Mechanic's liens obtained or claimed under the act (*Laws of* 1875, *chapter* 379) are to be enforced not by a special proceeding, but by a civil action, as in foreclosure suits on real property, therefore the provisions of the Code apply to this action.

A plaintiff or claimant under the mechanic's lien can enforce a personal judgment against the contractor or other person liable to him. Such personal judgments against the contractor are rendered irrespective of the claimant's ability to enforce the lien against the property, or to enforce a personal liability against the owner.

It seems that the creditor in the civil action which he is authorized to bring under the mechanic's lien act of 1875, and in which he is entitled to a personal recovery against his debtor, should have as against such debtor all the remedies allowed in civil actions by the Code, and among them the right to an order of arrest against such debtor for fraud in contracting the debt, which is the basis of the action (*Code of Civil Procedure, sec.* 550, *sub.* 2).

The extent of the personal recovery against the contractor, under the act of 1875, is not necessarily confined to the sum enforceable against the property, or the sum properly enforceable under the lien.

It would seem that the civil action, now provided for by the mechanic's lien act, must be retained, even if plaintiff fail to establish the right to a lien, providing he establish a right to a personal judgment in his favor against any party for the claim which was the subject of the lien.

*Special Term, January*, 1878.

MOTION by defendant Hart to vacate an order of arrest against him. The action is brought to foreclose a mechanic's lien on property in this city and for personal judgment against Hart, the contractor, to whom plaintiffs sold material for building upon such property.

*John Reynolds,* and *Williamson, Reynolds & Hinrichs,* for plaintiffs.

*Kneeland & Carter,* for defendant Hart.

J. F. DALY, *J.*—Mechanics' liens obtained, or claimed, under the act chapter 379, Laws of 1875, are to be enforced, not by a special proceeding, but by a civil action (*section* 9), to be instituted and prosecuted in the same manner and form as in actions for the foreclosure of a mortgage upon real property (*section* 10). The provisions of the Code apply, therefore, to this action. It is an action upon contract, *i. e.,* the contract of the claimant with the contractor who is personally indebted to him for work or material; in the same sense that the action for the foreclosure of a mortgage upon real property is in one sense an action upon the bond of the mortgagor or other person liable for the debt (*Hunt* agt. *Chapman,* 51 *N. Y.,* 557), and virtually an action on contract (*Bathgate* agt. *Haskins,* 63 *N. Y.,* 265). The right of the plaintiff or claimant in the proceeding to enforce a mechanic's lien, to recover a personal judgment against the contractor, or other person liable to him on contract, has not been doubted, and is expressly given by the statute now in force (*section* 10). Such personal judgments against the contractor are rendered irrespective of the claimant's ability to enforce the lien against the property, or to enforce a personal liability against the owner. The right to the personal judgment against the immediate debtor of the claimant is the basis of the whole proceeding, and the question to be first tried, because without it there can be no right to a lien. It would seem that the creditor in the civil action which he is authorized to bring under the mechanics' lien act of 1875, and in which he is entitled to a personal recovery against his debtor, should have as against such debtor, all the remedies allowed in civil actions by the Code, and among them the right to an order of arrest against such debtor for fraud in contracting the debt which is the basis of the action.

The provision of the Code (*sec.* 550, *sub.* 2), are general, and give the right to arrest when the defendant has been guilty of fraud in contracting or incurring the liability, in all actions upon contract, express or implied, with the single exception of an action upon a promise of marriage.

As to the question of the *extent* of the personal recovery against the contractor under the act of 1875, little doubt can remain after the express provision of that act (*sec.* 9), that the claimant may enforce his claim against the property therein described and against the persons liable for the debt by a civil action in a court of record. The amount of personal recovery is not necessarily confined to the sum enforceable against the property, or the sum properly enforceable under the lien (*Hubbell* agt. *Schuyler*, 4 *Daly*, 362).

As to the *survival* of the action for personal liability in case the lien fails; it would seem that the civil action now provided for by the mechanics' lien act must be retained, even if plaintiff fail to establish the right to a lien, providing he establish a right to a personal judgment in his favor against any party for the claim which was the subject of the lien; because by section 10 of the act, the action is authorized not only for the enforcement of the lien, but of the personal liability; and any doubts that may have arisen on a similar question under the prior lien act, have no foundation under the present statute.

The motion to vacate the order of arrest must be denied, with ten dollars costs, without prejudice to a further motion on the merits on paying the costs.