James Singleton, Respondent, *v.* Home Insurance Company of New York, Impleaded, Appellant.

In an action upon a policy of fire insurance on both real and personal property, it appeared that by the terms of the policy any loss upon the real estate was payable to C., as mortgagee. The insurance company defendant claimed that C. should be made a party defendant; he was thereupon brought in and served with process. He answered, claiming that he was entitled to $544.74. The insurance company served on plaintiff an offer of judgment for $645.30 and costs. The court found that plaintiff's loss on the real estate was $520.30, and on personal property $100. Two separate judgments were ordered against the company; one in favor of plaintiff for $100 and interest, and the other in favor of C. for $520.30 and interest. Upon taxation of costs plaintiff claimed that the costs of defendant C. should be added to the two recoveries in determining whether he had obtained a more favorable judgment than that offered by the company. *Held*, untenable; and that defendant was entitled to its costs, as against plaintiff, arising subsequent to the offer of judgment.

The provision of the Code of Civil Procedure (§ 738) making the plaintiff liable for costs from the time of an offer of judgment by defendant, which is not accepted, in case he fails to obtain a more favorable judgment, applies to equitable actions as well as to actions at law.

(Argued June 17, 1890; decided June 26, 1890.)

Appeal from order of the General Term of the Supreme Court in the fourth judicial department, made February 11, 1890, which affirmed an order of Special Term denying a motion to vacate and disallow the taxation of costs in plaintiff's favor, and to have the costs of the defendant corporation allowed against him.

The facts, so far as material, are stated in the opinion.

*I. N. Ames* for appellant. This order is appealable. (Code Civ. Pro. §§ 190, 738; 63 N. Y. 261; 22 id. 290.) This action can be severed and a separate judgment taken against the defendant insurance company, in favor of the plaintiff, and a separate judgment in favor of defendant Coit. (73 N. Y. 452.) The offer of judgment took away from the trial court that discretion as to costs that the court ordinarily has

in equity actions. (*Bethgate* v. *Hastings*, 63 N. Y. 261; *Lumber* v. *S. & B. R. R. Co.*, 62 id. 290.) The offer of judgment was proper in form. (Code Civ. Pro. § 738; 62 N. Y. 261; 14 N. Y. S. R. 279; 15 Civ. Pro. Rep. 126; 13 id. 293; 14 id. 130.)

*Wm. H. Gilman* for respondent. The alleged offer of judgment was not properly made, nor served upon the proper parties. (67 How. Pr. 271; *Post* v. *N. Y. C. R. R. Co.*, 12 id. 552; *Smith* v. *Bowers*, 3 Civ. Pro. Rep. 72.) The recovery in this action was more favorable to plaintiff than the alleged offer. (*Hall* v. *F. Assn.*, 13 At. Rep. 648; *Brown* v. *H. Ins. Co.*, 71 N. Y. 508; *Smith* v. *Bowers*, 3 Civ. Pro. Rep. 72; 97 N. Y. 370.) This was an equity action and the costs were discretionary with the court. (Code Civ. Pro. § 3230; *Post* v. *N. Y. C. R. R. Co.*, 12 How. Pr. 552.) If there was any force to the offer appellant has waived same. (*Ward* v. *Wheeler*, 16 How. Pr. 583; *Post* v. *N. Y. C. R. R. Co.*, 12 id. 552.)

PECKHAM, J. The plaintiff was insured in the defendant's company to the amount of $1,350. The insurance was for $1,100 on the real estate, and $250 on personal property. The loss, if any, occurring on the real estate was, by the terms of the policy, payable to defendant James E. Coit, as his mortgage interest therein should appear. The plaintiff sustained a loss by fire. The amount of the loss on the personal property was conceded to be $100, and no one but the plaintiff had any interest in its payment. In regard to the real estate the plaintiff claimed a larger loss than the defendant admitted. Hence this action. The defendant alleged as a defense that the mortgagee Coit had an interest in the subject-matter of the action, and must be served with process in order to a complete determination of the questions to be litigated. Thereupon the defendant Coit was served with process, and put in an answer claiming that out of the amount paid by the company defendant, he, Coit, should receive an amount sufficient to pay his mortgage interest in the premises, which he claimed

was $536, with interest on $500 from April 9, 1887. The trial judge, before whom the case was tried without a jury, found that plaintiff's total loss on the real estate was $520.30, and on personal property $100. The amount of defendant Coit's claim under his mortgage was $544.74. The plaintiff had claimed that his loss on his real estate was greater than the amount found by the judge. The insurance company had served upon plaintiff, after the commencement of the action, an offer in writing to allow judgment to be taken against it for the sum of $645.30, and interest from January 14, 1887, with the costs of the action.

The trial judge ordered two separate judgments in the case against the company defendant; one in favor of plaintiff for $100 and interest (in all $113.33), together with costs; the other judgment in favor of defendant Coit for $520.30 damages and interest from February 4, 1887, with costs. The insurance company claimed that its offer to the plaintiff to take judgment was more favorable than the judgment actually recovered against it, excluding the costs of defendant Coit, which plaintiff claimed should be added to the two recoveries, in order to determine the question whether he had obtained a more favorable judgment than that which was offered by the company defendant. If the costs of Coit ought properly to be added to the two recoveries, it is conceded that the sum exceeds the sum for which the company defendant offered the plaintiff to allow judgment to be taken against it; otherwise not. The section of the Code (738) relative to offers of judgment, so far as material, reads as follows: "The defendant may, before the trial, serve upon the plaintiff's attorney a written offer to allow judgment to be taken against him for the sum, or property, or to the effect therein specified, with costs. If there are two or more defendants, and the action can be severed, a like offer may be made by one or more defendants against whom a separate judgment may be taken."

The defendant Coit was a party simply to ascertain the amount of his interest in the policy as measured by his mortgage interest in the property which was the subject of the loss.

No judgment was sought against him by the plaintiff, or by the company defendant. But a separate judgment might be taken against the insurance company, and as between it and the plaintiff it could make an offer of judgment. We think it was not bound, at the peril of paying subsequent costs, to include in its offer the costs of the action which Coit might recover against it; and the plaintiff was not justified in adding such costs to the amount of his recovery, and that of Coit against the company for the purpose of determining the question whether he had obtained a more favorable judgment than the one offered by the company. Those costs had nothing to do with the judgment which plaintiff obtained. He procured judgment for his claim of loss by fire to the extent of $100 and interest. The defendant Coit procured judgment for the extent of plaintiff's loss by fire upon the real estate, and interest. Both these amounts added together are less than the amount of the offer of the company. The offer included the plaintiff's costs up to the time of the service of the offer. The plaintiff was not entitled to recover costs for Coit, nor has it done so. The company defendant was not bound to pay plaintiff the costs of defendant Coit. It did not offer, nor has it been adjudged so to do. In no aspect of the case can it be said that the plaintiff has obtained, through the continued litigation, as much as the company offered him by its written offer for judgment. The fact that Coit was also granted, as against the company defendant, costs in his judgment, had no effect upon the amount of the plaintiff's claim, nor upon the question whether the plaintiff had obtained a more favorable judgment than the company defendant had offered. The plaintiff has neither recovered costs from the company defendant for Coit, nor has he been adjudged to pay any.

We think that the defendant was entitled to its costs against plaintiff arising subsequent to the offer on the ground that the plaintiff failed to obtain a more favorable judgment than was offered him. We also think that the directions of the statute are explicit, and that they refer to actions which are in the nature of equitable actions as well as to actions at law.

The company has not waived any of its rights, and the offer was served upon the proper parties and was properly made.

The orders appealed from should be reversed, and an order made granting the company defendant's motion to tax its costs in the action against the plaintiff from the time of the service of the offer, together with its costs in this court and in the court below upon this motion.

All concur.

Orders reversed.