(7 Misc. Rep. 526.)

## PFISTER v. STUMM.

(Superior Court of Buffalo, Special Term.    January, 1894.)

1. Costs—Refusal to Accept Offer of Judgment.
    In an action to foreclose a mechanic's lien, an offer "to allow judgment in this action establishing the amount of plaintiff's lien at the sum of $300 and costs" is sufficient, under Code Civ. Proc. § 738, which provides that "defendant may before the trial, serve upon the plaintiff's attorney a written offer to allow judgment to be taken against him for a sum, or property, or to the effect therein specified with costs," and that if plaintiff refuses to accept the offer, and fails to obtain a more favorable judgment, he must pay costs from the time of the offer.

2. Same—Acknowledgment.
    The offer of judgment need not be acknowledged by the party making it, as the statute (Code Civ. Proc. § 738) only requires it to be signed.

Action by Ada Pfister against Jacob Stumm to foreclose a mechanic's lien.    An offer of judgment was refused by plaintiff, and a reference was ordered to hear and determine.    The referee reported in favor of plaintiff for less than the amount of defendant's offer of judgment, and defendant now moves to confirm the report, and for an extra allowance.

Robert F. Schelling, for plaintiff.
Seward A. Simons, for defendant.

TITUS, C. J.    This action was brought to foreclose a mechanic's lien.    The complaint alleges (1) the ownership of the premises in the defendant; (2) the making of the contract; (3) the assignment of the contract to the plaintiff; (4) full performance of the contract; (5) that there is now due and owing the plaintiff, on the contract, the sum of $300; and (6) the performance of extra work, and materials furnished, of the value of $245.92.    The answer admits the making of the contract, but interposes a counterclaim for nonperformance of the contract to the extent of $350.    At the time of serving the answer, the defendant served an offer of judgment, as fol-

lows: "The defendant hereby offers to allow judgment in this action establishing the amount of the plaintiff's lien at the sum of $300 and costs. Jacob Stumm." This offer was not accepted by the plaintiff, and the cause was referred to a referee, to hear, try, and determine; and the questions here raised arise on a motion to confirm the report of the referee, and for an extra allowance to the defendant.

The referee reports that after making allowances for extra work done by the plaintiff, and for work which the defendant omitted to do, and which, under the contract, he was required to do, there was due and owing the plaintiff the sum of $287.55. It thus appears that the sum found to be due the plaintiff by the referee is more favorable to the defendant than the offer made by him; and, under the provisions of section 738 of the Code, the plaintiff, in such a case, cannot recover costs, but the defendant is entitled to costs against the plaintiff. The plaintiff, however, claims that the offer was not effective for any purpose. He insists that "the pretended offer is insufficient; that it simply offers to allow judgment establishing the amount of the plaintiff's claim at the sum of $300 and costs." The relief to which a party is entitled is not an issue in the case, but the court may give such relief, within the pleadings, as the interests of the parties and the furtherance of justice require. Section 738 of the Code provides that "the defendant may, before the trial, serve upon the plaintiff's attorney, a written offer, to allow judgment to be taken against him for a sum, or property, or to the effect therein specified, with costs." The purport of the defendant's offer is to allow the plaintiff to establish his lien, and to take a judgment for $300, as fully and completely as the practice of the court will allow, and all the relief necessary to carry it into effect is embraced within the offer. In other words, the plaintiff, on acceptance of the offer as prescribed by the Code, could have taken judgment for all of the relief demanded in this complaint, viz. establishing the lien, the amount due, and judgment for the sale of the premises, and paying over the same to the plaintiff, with costs, the only limitation being that the amount could not be fixed at a greater sum than $300. Lumbard v. Railroad Co., 62 N. Y. 290. The counsel for the plaintiff refers to several authorities for the purpose of sustaining the position which he takes,— that the offer of judgment is insufficient, and ineffectual to deprive the plaintiff of his costs. The case of Bettis v. Goodwill, 32 How. Pr. 137, does not, I think, sustain the counsel's contention of the insufficiency of the offer. The offer in that case allowed the plaintiff to enter judgment against him (the defendant) decreeing the amount due on the bond and mortgage mentioned in the complaint at the sum of $105, and interest from date, and for judgment of foreclosure and sale, with costs. The court held that, as there were payments to grow due, besides the one then due, and for which the action was commenced, under the offer the plaintiff would not be entitled to retain out of the proceeds of the sale an amount sufficient to pay that which was due and to become due when the offer was served, while, by the report of the referee, he was entitled to be

paid, when the premises were sold, the amount due and the amount to grow due; and hence it was held that the offer was not as favorable to the plaintiff as the judgment he was entitled to. In this case the whole sum was due at the time the plaintiff commenced his action, and he was entitled to all of the relief under the offer which he could get by application to the court. Lumbard v. Railroad Co., supra. But it was held in Bathgate v. Haskin, 63 N. Y. 261, that, although the plaintiff in an action when an offer was made was obliged to go to the court to obtain the full relief sought, that fact did not deprive the party of the right to make an offer, because it was an action to foreclose a mortgage, and no judgment could be taken without an application to the court. The case of Johnston v. Catlin, 57 N. Y. 652, cited by the plaintiff's counsel, holds that, in determining whether the judgment obtained is more favorable than that offered, interest cannot be added to the sum offered. The defendant cannot offer a sum less than the plaintiff is entitled to, and then defend, and postpone a recovery until that sum, with interest added, exceeds the recovery, and then obtain costs. This case is not in point. The amount offered by the defendant, Stumm, was $300, and more than the plaintiff was entitled to recover, according to the referee's report. In Leslie v. Walrath, 45 Hun, 18, the offer was to allow a judgment for a specified sum, with costs to date. It was held that the offer of costs to date did not authorize the plaintiff to tax costs of the entry of judgment, and the offer, to be effectual, must entitle a party to enter judgment, and tax costs for it. The case of Hall v. Dennerlein, (Com. Pl. N. Y.) 14 N. Y. Supp. 796, arose under section 19 of the mechanic's lien law, and is not authority. The procedure under section 19 of chapter 342 of the Laws of 1885, known as the "Mechanic's Lien Law," is for the benefit of the owners, and provides an easy and effective method of discharging his property from the lien, by offering to pay the amount due on the contract into court, and, in case it is accepted, to have the lien discharged, and transferred to the money paid into court. It is in no way related to the practice under the Code, and the offer under it is regulated by the act itself. These cases cited by the plaintiff's attorney do not bear out his contention. Other cases, bearing more directly upon the question, seem to be decisive of the law the other way. In Lumbard v. Railroad Co., supra, the action was brought to enforce a mechanic's lien for $527.63. The defendant served an offer of judgment for $226.50. The plaintiff in the trial court succeeded for the full amount of his claim, which was reduced on appeal to $202.16, being less than the amount of the offer. It was held that the reduction of the judgment below the amount of the offer was the same as though the judgment for that sum had been originally rendered, and that the defendant was entitled to tax costs against the plaintiff. The fact that the plaintiff was obliged to go to the court for the relief sought does not affect the question of the sufficiency of the defendant's offer, as, in all actions to foreclose liens upon property, judgment can only be taken upon application to the court, and that whether there is an offer of judgment in the case or not. I think, therefore,

that the offer of judgment was sufficient in substance, under the Code, to entitle the defendant to costs.

But it is claimed that the offer should have been proved or acknowledged, to warrant the court or clerk to enter judgment upon it, and that the original offer should have been served upon the plaintiff. I am referred to no adjudicated authority on either proposition. The Code, § 738, makes no provision for acknowledging the offer by the party making it, but simply provides that the defendant may serve upon the plaintiff's attorney a written offer; and, if the offer is subscribed by the defendant, it is all the statute requires. It appears in this case that the offer was subscribed by the defendant, which seems to be all that is necessary. Section 740 provides that, unless an offer is subscribed by the party making it, his attorney must subscribe it, and annex his affidavit thereto, to the effect that he is duly authorized to make it in behalf of the party. There is no authority or reason that I can discover, why the party making the offer should acknowledge it, to make it effectual, where no such requirement exists in the statute. The counsel for the plaintiff, in his brief, refers to 1 Rum. Pr. p. 629, where it is said, "If the offer is made by the party to an action, his signature should be proved or acknowledged." The authority for this statement is Bridenbecker v. Mason, 16 How. Pr. 203. That was an action to set aside a judgment against Mason and others, entered on an offer of Daniel Mason, who signed the firm name of D. Mason & Co. The demand was a joint indebtedness. The summons was served on all of the defendants, and D. Mason signed the offer, without it appearing that he had any authority to do so, and the court held that an offer of judgment can only be signed in one of three ways:

"(1) By the defendants, in person, each signing his own proper name; (2) by an agent especially authorized to sign the same for them, and in their names; or (3) by an attorney of this court, whose authority to represent the parties will be presumed. That, to authorize the entry of a judgment upon an offer signed in the manner secondly mentioned,—that is, by a special agent,—some proof of the authority should accompany the act, and make a part of the proceedings and record in the case."

This is not authority for the text that the signature of the party to the offer should be acknowledged, because it is expressly held that a party may, without such proof, sign an offer of judgment, and that it will be effectual for every purpose, but it is only in cases where a party signs as agent for others that such proof is required. Section 739 of the Code, in which provision is made for an offer by the plaintiff to take judgment upon the defendant's counterclaim, where one is interposed by answer, provides that:

"If the defendant, within ten days thereafter, serves, upon the plaintiff's attorney, notice that he accepts the offer, either party may file the summons, complaint, answer and offer, or copies thereof, and proof of acceptance; and thereupon the clerk must enter judgment accordingly."

This would seem to indicate that it was not necessary, under this section, to have the original offer filed with the clerk, before he can enter judgment, but the copy which was served upon the party is sufficient.

I think, in this case, that the report of the referee must be modified, as to the question of costs; that, instead of allowing the plaintiff costs and disbursements, the defendant is entitled to costs accruing after the offer of judgment. The defendant, on this application, moves for an extra allowance. I do not think it should be allowed. The amount involved is small, and the case does not seem to be "difficult and extraordinary." The case occupied some time, but it was devoted principally to proving the defendant's counterclaim. The motion for an extra allowance is therefore denied.