MAYER KAHN, Appellant, *v.* HENRY C. SCHMIDT and Another, Respondents.

*Equity actions — costs therein are discretionary — must be awarded or they are not taxable — extra allowance, only granted when costs are given.*

In an action in equity the granting of costs is within the discretion of the court, and where costs are not awarded to the prevailing party by the decision of the court, the entry of a judgment by the clerk awarding costs to him, is, in such respect, erroneous.

If the trial court in an equity action does not award costs, a different justice sitting at Special Term cannot grant an extra allowance in the suit, nor can an extra allowance be granted in an action unless the party asking for it is entitled to costs, either by virtue of the statute or by the decision of the court.

APPEAL by the plaintiff, Mayer Kahn, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 10th day of August, 1894, upon the decision of the court, rendered after a trial at the New York Special Term, dismissing the plaintiff's complaint upon the merits and for costs, and also from an order of the Supreme Court, made at the New York Special Term and entered in said clerk's office on the 6th day of August, 1894, granting the defendants' motion for an extra allowance in addition to costs.

*Joseph Kling,* for the appellant.

*Edward J. Krug, Jr.,* and *Louis Cohen,* for the respondents.

PER CURIAM:

The suit was in equity, and whether costs should be granted was, therefore, committed to the discretion of the trial court. Costs were not awarded to the prevailing party by the decision, and the entry of a judgment by the clerk awarding costs was in such respect erroneous. The court had not settled the judgment to be entered, and the clerk was wholly without authority to perform that duty for it. As the trial court did not award costs, a different justice sitting at Special Term could not grant an extra allowance, for there can be no extra allowance, unless the party asking for it is entitled to costs either by virtue of statute or the decision of the court.

Had there been a legal basis for the granting of an extra allowance, we think the motion should have been denied. The evidence relating to the merits of the controversy was not of such a character as to support the relief asked for in the complaint; it should, however, have the effect of persuading the court that in this suit, if ever, costs should be denied the prevailing party.

The judgment should be modified by striking out the provision awarding costs; the order granting the extra allowance should be reversed, with ten dollars costs and printing disbursements, and the motion denied, with ten dollars costs.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Judgment modified by striking out the provision awarding costs, and order granting extra allowance reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.