JOHN SCHULTE, Appellant, *v.* LESTERSHIRE BOOT AND SHOE COMPANY and Others, Respondents.

*Mechanic's lien — costs subsequent to an offer of judgment — interest, after offer, not considered — sections 14 and 19 of chapter 342 of 1885.*

Where the defendant in an action has offered to allow judgment to be taken against him for a specified amount, the plaintiff is not entitled to add the accumulated interest from the time that the offer might have been accepted to the time of the recovery, for the purpose of claiming that the recovery is more favorable than the offer.

The general rule laid down in section 14 of chapter 342 of the Laws of 1885 must be construed and applied in harmony with the rule which is prescribed in section 19 thereof.

Where the plaintiff in an action brought to foreclose a mechanic's lien does not recover a judgment more favorable than one that was offered him by the owner of the premises, he is not entitled to recover costs subsequent to the time when he might have accepted the offer, but, on the contrary, he must pay any costs in the action incurred by the owner subsequent to the time of the offer.

Such an action was referred to a referee, and the referee ordered judgment in favor of the plaintiff for the amount, for which the owner offered to allow the plaintiff to take judgment, "with the costs of this action."

*Held,* that it must be assumed that the referee intended that the plaintiff should recover only such costs as he was entitled to under the statute.

APPEAL by the plaintiff, John Schulte, from that portion of an order of the Supreme Court, made at the Broome Special Term and entered in the office of the clerk of the county of Broome on the 7th day of March, 1895, which directs the clerk of Broome county upon the retaxation of costs to disallow and deduct from the plaintiff's bill of costs all his costs and disbursements incurred after a specified date, and which further directs the clerk to tax against the

plaintiff in favor of the defendants the defendants' costs and disbursements incurred after such date.

*S. Mack Smith*, for the appellant.

*Carver, Deyo & Jenkins*, for the respondents.

HARDIN, P. J.:

Pursuant to a contract entered into between the plaintiff and the Lestershire Boot and Shoe Company, the plaintiff performed work, labor and services and furnished materials necessary to erect a building upon the property of the company, and after the completion of the building, and on or about the 12th of July, 1892, the plaintiff filed a notice of lien, in writing, in the office of the clerk of the county of Broome, where said premises were situated, and thereafter commenced this action to enforce the lien. The Lestershire Boot and Shoe Company answered the complaint, and the issue joined was referred and tried, and the referee in his report finds that January 31, 1894, the defendant Lestershire Boot and Shoe Company served upon the plaintiff's attorney an offer " To pay into court the sum of one thousand ($1,000) dollars and interest thereon from the 12th day of July, 1892, in discharge of plaintiff's lien." The referee, as a conclusion of law, found, viz.: " The defendant, the Lestershire Boot and Shoe Company, is indebted to the plaintiff herein in the sum of one thousand dollars, with interest thereon from July 12th, 1892, amounting altogether at this date to $1,128.33." The referee ordered judgment in accordance with his findings " with the costs of this action." Plaintiff, having entered a judgment for full costs, was met by a motion to retax the costs and to disallow any costs to the plaintiff after the delivery of the offer, and by the claim of the defendant that it was entitled to costs after the refusal to accept the offer, inasmuch as the recovery had not been more favorable than the offer made by the Lestershire Boot and Shoe Company. If the plaintiff had accepted the offer he would have received $1,000 and interest from July twelfth. By the decision of the referee he received only $1,000 and interest from the twelfth of July, and the recovery, therefore, is not any more favorable than the offer. The plaintiff is not entitled to add the accumulated interest from the time that the offer might have been accepted to the

time of the recovery for the purpose of claiming that the recovery is more favorable than the offer.

(2) In chapter 342 of the Laws of 1885 it is provided in section 14 that " Costs and disbursements, except in courts not of record, in which they shall be the same as allowed in civil actions in such courts, shall rest in the discretion of the court, and may be awarded to or against the plaintiff or plaintiffs, defendant or defendants, or any or either of them as may be just and equitable except as provided in section 19 of this act, and shall be included in the judgment recovered therein. * * * When an action is brought in a court of record such direction shall be made, in the discretion of the court, as to the payment of costs as shall be just and equitable, and the judgment entered shall specify to whom and by whom the costs are to be paid." The general rule laid down in section 14 is to be construed and applied in harmony with the rule which is prescribed in section 19. In turning to section 19, we find it authorizes the owner or owners in writing, to offer to pay into court any amount stated in the offer. It is further provided in this section: " If the offer is accepted in writing within ten days thereafter, the court in which the action is pending may make an order that * * * the lien or liens be discharged. * * * In case the offer shall not be accepted within ten days, and the plaintiff fails to recover any more favorable judgment against the property, he shall pay any costs in the action incurred by the owner from the time of the offer." Applying the rule laid down in section 19, we think it is apparent that, inasmuch as the plaintiff did not recover any more favorable judgment than such an one as was offered to him, he is not entitled to costs subsequent to the time when he might have accepted the offer, and, on the contrary, he should " pay any costs in the action incurred by the owner from the time of the offer." (*Hall* v. *Dennerlein*, 39 N. Y. St. Repr. 67 ; *Pfister* v. *Stumm*, 7 Misc. Rep. 526 ; *Mull* v. *Jones*, 18 N. Y. Supp. 359 ; *Budd* v. *Jackson*, 26 How. Pr. 398 ; *Johnston* v. *Catlin*, 57 N. Y. 652.)

(3) We think that section 14, conferring discretion upon the court as to the costs, must be construed with provisions in section 19. When so construed it must be assumed that the referee when he awarded the costs to the plaintiff only intended plaintiff should receive such costs as he was entitled to under the statute.

It was not within the discretion of the referee to assume power to overrule the intention of the statute.

Our attention is called to *Woodford* v. *Bucklin* (14 Hun, 444). In that case it was held by this court that if the referee had exercised his discretion in an equity action the same could not be changed by the Special Term.

The doctrine of that case was approved in *Rosa* v. *Jenkins* (31 Hun, 384; *Couch* v. *Millard* (41 id. 215); *Dilts* v. *Sweet* (21 N. Y. Supp. 57).

In the case in hand the referee had no power to overrule the express provisions of the statute. (*Chapin* v. *Churchill*, 12 How. Pr. 367.) In the latter case it was held that the court had no right to disregard the statute relating to costs. It was said in *Cythe* v. *La Fontain* (51 Barb. 195) the court is not authorized to deal with the question of costs except in accordance with the provisions of the statute. We think the decision reached at the Special Term is correct and that the order should be affirmed, with ten dollars costs and disbursements.

MARTIN and MERWIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.