WILLIAM KIERNAN, Individually and as Executor, etc., of JAMES KIERNAN, Deceased, and ESTHER KIERNAN, Appellants, *v.* THE AGRICULTURAL INSURANCE COMPANY of Watertown, New York, Respondent, and JAMES W. LITCHFIELD, Defendant.

*sts in an equitable action — allowance of, reviewed by appeal only — the rule as to costs after an offer of judgment applies to equitable actions.*

In equitable actions, where a discretion as to the award of costs has been exercised by the court or referee, the party seeking relief must appeal and cannot review the discretion by an application made to the Special Term.

The provisions of section 738 of the Code of Civil Procedure, providing that a defendant may make an offer of judgment, and that if it is not accepted and the plaintiff does not obtain a more favorable judgement the plaintiff cannot recover costs from the time of the offer, but must pay costs from that time, apply not only to legal but also to equitable actions.

This view is not affected by the provision contained in section 1022 of the Code of Civil Procedure, stating that "in an action where the costs are in the discretion of the court the decision or report must award or deny costs, and if it awards costs it must designate the party to whom the costs to be taxed are awarded."

APPEAL by the plaintiffs, William Kiernan and another, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Cattaraugus on the 14th day of October, 1895, requiring the clerk of Cattaraugus county " to tax and allow the defendant's costs in this action subse-

quent to the offer of judgment made by the defendant on the 11th day of May, 1892, and to retax and readjust the plaintiffs' costs in this action, and to allow the plaintiffs only such items of costs and disbursements as accrued prior to said offer of judgment on the 11th day of May, 1892, and add the same to the damages recovered by the plaintiffs in this action, and from such aggregate to deduct the defendant's costs and disbursements as taxed by him, and to enter judgment in this action in favor of the plaintiffs and against the defendants for the amount remaining after such reduction."

The issues were brought to trial at a Special Term in June, 1895, and among the conclusions of law it was found, viz.: "The evidence given upon the trial of this action was not sufficient to justify the court in ordering a reformation of said policy of insurance, and the plaintiffs, upon all the proofs of this case, are not entitled to a reformation thereof."

The court also found, viz.: "The plaintiffs are entitled to recover in this action for the amount of the insurance upon said personal property in said dwelling house, being the sum of $300, with interest thereon from the 18th day of March, 1892, and I direct judgment to be entered accordingly in favor of the plaintiffs and against the defendant, the Agricultural Insurance Company, for the said sum of $300 and interest thereon from March 18, 1892, with costs and disbursements to be taxed."

It appears that on the 11th of May, 1892, the defendant, the Agricultural Insurance Company, made an offer of judgment to the plaintiffs "to allow judgment to be taken in this action in favor of the plaintiffs and against said defendant for $300, with interest thereon from the 18th day of March, 1892, with costs." The offer was not accepted. Considerable litigation ensued after the offer. (See 81 Hun, 373 ; 25 N. Y. Supp. 438.)

*E. D. Northrup*, for the appellants.

*A. H. Sawyer*, for the respondent.

HARDIN, P. J. :

It is apparent from the pleadings in the action as well as from the concessions made by the respective counsel upon the argument, that this was an equitable action. The general rule is that, in equitable

actions where a discretion as to costs has been exercised as a part of the action of the trial court or of a referee, the discretion cannot be reviewed at Special Term. The party seeking to have the discretion exercised at the Trial Term altered or changed should appeal. (*Olcott* v. *Maclean*, 11 Hun, 394; *Woodford* v. *Bucklin*, 14 id. 444; *McLean* v. *Stewart*, Id. 472; *House* v. *Eisenlord* 30 id. 90; *Rosa* v. *Jenkins*, 31 id. 384; *West* v. *City of Utica*, 71 id. 540; *Kahn* v. *Schmidt*, 83 id. 541; *Schulte* v. *Lestershire Boot & Shoe Company*, 88 id. 226 and cases cited in the opinion at page 229; *Heath* v. *N. Y. B. L. B. Co.*, 146 N. Y. 260.)

It is contended in behalf of the plaintiffs that the action of the trial court in awarding costs to the plaintiffs should control, and that the clerk upon presentment of the decision of the trial court should have taxed a full bill of costs in the action. We think otherwise. Section 738 of the Code of Civil Procedure provides that a defendant may "before the trial, serve upon the plaintiff's attorney, a written offer to allow judgment to be taken against him for a sum, or property, or to the effect therein specified, with costs." In the case in hand an offer was made, and under the language just quoted the plaintiffs were entitled to costs to the time of the offer. The section further provides that "If the plaintiff, within ten days thereafter, serves upon the defendant's attorney, a written notice that he accepts the offer, he may file the summons, complaint and offer with proof of acceptance and * * * enter judgment accordingly." The plaintiffs failed to avail themselves of this provision, as they did not accept the offer. We must, therefore, turn to the remaining portion of the section to determine the status of the parties after the failure of the plaintiffs to accept the offer tendered. The further provision of the section is as follows: "If notice of acceptance is not thus given, the offer cannot be given in evidence upon the trial; but, if the plaintiff fails to obtain a more favorable judgment, he cannot recover costs from the time of the offer, but must pay costs from that time." The language of the section applied to the case in hand excludes the plaintiffs from the right to recover costs after the offer was made, inasmuch as the plaintiffs failed "to obtain a more favorable judgment." It must be understood that when the court ordered judgment for the plaintiffs with costs, it was such costs as are authorized by the statute, read in connection

with the offer served in the action, and the recovery allowed. The further provision of the section also applies a rule as to costs. The words "but must pay costs from that time," casts upon the plaintiffs the burden of the costs that accrued subsequent to the offer. The words of the section seem sufficiently broad to apply to the case in hand, and to require us to hold that the plaintiffs "must pay costs from" the time the offer was served. Such seems to have been the result arrived at at the Special Term.

However, it is contended strenuously by the learned counsel for the appellants that section 738 does not apply to an equitable action. The learned counsel for the respondent, however, contends that the court has no discretion in the matter, and in support of his contention refers us to *Bathgate* v. *Haskin* (63 N. Y. 261); *Lumbard* v. *S. B. & N. Y. R. R. Co.* (62 id. 290); *Hunt* v. *Chapman* (51 id. 555); *Pfister* v. *Stumm* (7 Misc. Rep. 526); *Dowd* v. *Smith* (8 id. 619; S. C., affd., 80 Hun, 604). Very extensive argument is made by the learned counsel for the appellants to distinguish the cases, and he asserts the conclusion that section 738 does not apply to an equitable action. We think his contention must fail. The question seems to be expressly adjudicated in *Singleton* v. *Home Ins. Co.* (121 N. Y. 644) in which case the section was quoted and construed, and near the close of the opinion it was said: " We think that the defendant was entitled to its costs against plaintiff arising subsequent to the offer, on the ground that the plaintiff failed to obtain a more favorable judgment than was offered him. We also think that the directions of the statute are explicit, and that they refer to actions which are in the nature of equitable actions as well as to actions at law."

Reading section 1022 of the Code of Civil Procedure, as amended to take effect the 1st day of January, 1896, so far as it relates to the discretion of the court, in connection with section 738 and section 3262, we think it cannot be held to change the rule laid down in the case of *Singleton* v. *Home Ins. Co.* (*supra*).

The foregoing views lead to the conclusion that the order made at Special Term should be sustained.

All concurred.

Order affirmed, with ten dollars costs and disbursements.