which benefit in turn would pass to plaintiff as prior indorser upon its taking up of the notes.

Interlocutory judgment should be affirmed, with costs.

Interlocutory judgment affirmed, with costs, with usual leave to defendant to amend upon payment of costs of demurrer and of this appeal. All concur.

---

BARNES et al. v. MIDLAND R. TERMINAL CO.

(Supreme Court, Appellate Division, Second Department. May 26, 1911.)

REFERENCE (§ 101*)—RETURN OF REPORT—COSTS.

 The Special Term, in an equity action referred to a referee to ascertain the amount of damages sustained by plaintiff, adjudged entitled to specific relief and to damages, without any provision as to costs, has no power, on motion, to send back to the referee his report of findings of fact and conclusions of law, with direction to pass on the question of costs.

 [Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 169–180; Dec. Dig. § 101.*]

Appeal from Special Term, King's County.

Action by Sarah H. Barnes and others against the Midland Railroad Terminal Company. From an interlocutory judgment denying a motion, plaintiffs appeal. Affirmed.

See, also, 127 App. Div. 927, 111 N. Y. Supp. 1108; 116 N. Y. Supp. 1130; 133 App. Div. 918, 118 N. Y. Supp. 1093.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

John Brooks Leavitt, for appellants.

George D. Beattys (Lawrence W. Widdecombe, on the brief), for respondent.

JENKS, P. J. This equity action was referred to a referee to hear, to try, and to determine. The learned referee made findings of fact and conclusions of law, and directed that judgment be entered accordingly. It was decided that the plaintiffs were entitled to judgment for certain specified equitable relief, and to recover such damages as could be proved on an accounting to have been sustained by reason of the acts of the defendants, for which the said equitable relief was afforded by the report, and that it be referred to a referee "to ascertain and report to the court the amount of any damage so sustained by the plaintiffs or either of them." No provision was made for costs. A motion was thereafter made to the Special Term that the report be sent back to the referee, and that he be directed to proceed with said trial, and pass upon the question of costs, and take the account therein mentioned. The learned Special Term denied the motion, upon the ground of lack of power, and this appeal is from the order thereupon made.

The sole question that we now determine is as to the correctness of the disposition made of the said motion, without expression as to the right of the plaintiff to costs upon any further judgment that may be

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

entered herein. We think that the learned Special Term was right. In McLean v. Stewart, 14 Hun (N. Y.) 472, the court, per Hardin, J., say:

"The case of Stevens v. Veriane, 2 Lans. [N. Y.] 90, was one where the referee in an equity action had passed upon the question of costs. Judge Mullin said: 'To alter the adjudication as to costs, upon motion, after judgment, is to vary the judgment; and this can only be done by a court authorized to revise the judgment on appeal, or to review the cause. A judge at Special Term has no such power.' See Beattie v. Qua, 15 Barb. [N. Y.] 132."

See, too, Kiernan v. Agricultural Ins. Co., 3 App. Div. 26, 37 N. Y. Supp. 1070; Sabater v. Sabater, 7 App. Div. 70, 39 N. Y. Supp. 958; Kennedy v. McKone, No. 2, 10 App. Div. 97, 47 N. Y. Supp. 577.

The interlocutory judgment must be affirmed, with costs. All concur.