### SUPREME COURT.

RUGGLES AND OTHERS agt. FOGG.

Where the plaintiff failed to obtain a more favorable judgment *in amount* than was offered by defendant, under § 385—but on the trial extinguished a set off, of the defendant, which, with the verdict, exceeded the defendant's offer. *Held;* that the plaintiff was entitled to *full costs.*

*Monroe Special Term, April* 1852. *Costs.* The action was brought to recover a balance of $274·04, claimed to be due from the defendant, upon his promissory note. The defendant, on the third of March 1851, and before answering, pursuant to the 385th section of the Code, served an offer to allow judgment to be taken against him for $230, besides costs. On the same day, he served an answer, denying the allegations in the complaint, and claiming a set off to the amount of $175, for beans sold and delivered to the plaintiffs. The cause was tried on the 12th of April 1852. The defendant's set off was the only matter litigated upon the trial. The jury rendered a verdict in favor of the plaintiffs for $241·67. Each party claimed to be entitled to recover costs from the time of the offer.

G. F. DANFORTH, *for Plaintiffs.*

F. L. DURAND, *for Defendant.*

HARRIS, Justice.—It is conceded that the criterion by which this question is to be determined is, whether the plaintiffs have obtained " a more favorable judgment" than they would have obtained by accepting the offer. If they have, they are entitled to costs *after* the offer, as well as *before.* If not, the defendant is entitled to costs against them. The offer was, that the plaintiffs might take judgment for $230. That sum, with interest from the 3d of March 1851, when the offer was made, to the time of the trial, would exceed the amount of the verdict, and of course, if there were nothing else in the case, the plaintiffs would have failed to recover a more favorable judgment.

But the plaintiffs insist, that had they accepted the offer, the defendant would still have retained his right of action against them for his set off. I do not see why this is not so; and if it be so, then the plaintiffs, having extinguished the defendant's claim, and also recovered a verdict for $241·67, have, in fact, obtained a more favorable judgment than they would, had they accepted the offer. The defendant, probably through inadvertence, omitted to embrace a discharge of his set off in his offer. The plaintiffs are, therefore, entitled to the same costs as though no offer had been made. It is not a fit case to grant costs upon the motion to either party.