Bosworth, J.
The Code provides that “ if the plaintiff fail to obtain a more favorable judgment” (than the one offered), “ he cannot recover costs, but must pay the defendant’s costs from the time of the offer.”
If he had accepted the offer, he might have entered a judgment on the 14th of September, 1852, for $68 04, exclusive of costs. The $68 04, with interest to March 9th, 1853, amounts to $70 32. On that day, he obtained a verdict for $69 40. A judgment for'that sum would be less favorable to the plaintiff by the sum of $0 92, than the one entered upon the offer, according to its terms. He therefore failed to obtain a judgment more favorable than the one offered.
The plaintiff insists, that if he had accepted the offer, such acceptance, and a judgment conforming to the offer, would not have extinguished the counter-claim or set-off, and that he would have been liable to an action in respect of it. That the recovery has extinguished that, and therefore the judgment is more favorable than the offer by the amount of the counterclaim, or set-off so extinguished.
He relies on Ruggles et al. v. Fogg, 7 How. P. R. 324, as an authority in support of the proposition. In that case the offer was served before the answer was put in, and if it had been accepted, would not have extinguished a claim not then interposed in the action.
This case is clearly distinguishable from that. The counterclaim had been interposed before the offer was made, and the offer must' be understood to have been made, with reference to the claims which each had previously set up in the' pleadings against the other, and to be an offer that a judgment for $68 04 might be taken, as being the sum conceded to be due after allowing all just deductions to the defendant. In this case, the defence set up arose out of the transaction, or contract under which the note was given, and I think there can .be no doubt that an offer made, after the answer was put in, that the plaintiff might take judgment for a specified sum, and the acceptance of the offer, and the entry of a judgment according to it, would have extinguished the counter-claim.
The plaintiff is liable to pay the defendant’s costs from the time of the offer.
*696 In deciding this motion, it is assumed that the verdict will be sustained. The propriety of the decisions at the trial was not discussed on this motion, and has no connection with it. If the verdict shall be set aside, the whole judgment will be vacated. If a new trial should be denied, the present order, that the plaintiff pay defendant’s costs subsequent to the offer, will have made the judgment proper in its terms and form.
Approved by the other Judges upon consultation.