By the Court. Bosworth, J.
The work done for J. D. Mills, was done on a credit of four months. He became insolvent before the work, which the plaintiffs undertook to do, was completed. The question presented by the appeal, in the present case, is this:—Have the plaintiffs a right to retain the stages until *498 the amount, owing for the work done and materials applied in repairing them, is paid ?
It is clear that they have not, if they must abide by the terms of the contract, under which the labor was performed and the materials furnished were supplied.
They must abide by their contract, unless the insolvency of J. Doremus Mills, occurring before the delivery of the stages, puts an end to the agreement, and leaves all the parties to it in precisely the same position as if no agreement for credit had ever been made.
The right of a mechanic to detain the property of his employer until he is paid for the labor done, and materials used, in repairing it, grows out of the usages of trade.
It seems to be well settled, in respect to a common carrier, that no such right exists, when the transportation of the goods was undertaken, upon an agreement which fixes the time of payment of the freight to a day subsequent to that on which, by the terms of the agreement, they are to be delivered.
The fact, that the shipper becomes insolvent while the goods are in transit, or before they are delivered, does not absolve the carrier from his agreement as made, nor authorize him to detain the goods until the freight is paid. (Crawshay, et al., v. Homfray, et al., 4 Barn. & Ald. 47; Alsager v. St. Catharine's Docks, 14 Mee. & Welsb. 794; Pinney v. Wells, 10 Conn. 104; Chandler v. Belden, 18 J. R. 157.)
We can perceive no reason why the common-law right of lien, which exists in favor of the carrier, should not be regarded as favorably as any other that grows out of the usages of trade. If insolvency of the shipper, occurring before the delivery of the goods, will not authorize the carrier to detain them for freight, in a case in which he agreed to give credit for it, until a day subsequent to that on which the goods were contracted to be delivered, it is difficult to assign any reason, why a different rule should be applied in the case before us, in consequence of the insolvency of J. Doremus Mills.
There is a marked difference, in some respects, between the right of stoppage, in transitu, and that of a mechanic to detain. Insolvency alone creates the right to stop, in transitu. The common-law right of the mechanic to detain, arises as well against a *499 solvent as an insolvent employer. Neither the solvency nor insolvency of the latter can be deemed an element in the creation of the right of lien, which exists in favor of the mechanic. No lien exists in favor of the latter, when his services are performed" upon an agreement, that payment for them is not to be made until after the article which they have improved is to be delivered.
It follows, if these views are correct, that the referee was right in holding that the plaintiffs had no lien upon the stages for the work and repairs done upon them for J. Doremus Mills.
We think he has no right to recover in this action for the storage of the stages. J. T. Mills demanded possession of them, and offered to pay for the work and repairs done upon them at his request.
The referee decided that neither party should recover costs as against the other. That decision, if erroneous, could only be corrected by the Court at General Term, on appeal from the judgment. The ground on which the judgment states costs were awarded to J. T. Mills is, that he served an offer before answer, under section 385 of the Code, which was not accepted, and the judgment recovered is no more favorable than that offered. This ground has no existence in fact. The answer set up.a counterclaim, which has been extinguished; and in addition to that, the plaintiffs recovered a judgment for the sum offered. This, of itself, is an answer to the claim of J. T. Mills, to recover costs from the time of the offer, as a matter of right. (Schneider v. Jacobi, 1 Duer, 694.)
The judgment must be so far modified, as to declare that neither party shall recover costs as against the other, and in all other respects it is affirmed without costs of the appeal to either party.