## WEBB *a.* DILL.

*Supreme Court, First District; At Chambers, January,* 1865.

PRACTICE.—ATTORNEY'S POWERS.

Where an attorney has once been employed and appeared in an action, all subsequent proceedings must be conducted through him, and a judgment entered upon the offer of the defendant personally, without notice to the attorney, is in such case irregular.

Motion to vacate judgment.

The defendant after employing an attorney, who appeared for him in the action, made an offer under section 385 of the Code to allow judgment to be taken against him, signing it in his own name. The plaintiff's attorney accepted the offer, and entered up judgment in accordance therewith. The defendant's attorney moved to set aside the judgment for irregularity.

*J. C. Dimmick,* for the motion.

————, opposed.

INGRAHAM, J.—The defendant after employing an attorney and putting in an answer, served a notice on the plaintiff signed by himself personally, consenting that judgment be entered against him, for an amount therein stated.

A motion is now made to vacate the judgment on the ground that the attorney should have signed the notice and not the party.

It always was the practice, after an attorney had appeared in a case, to require all the proceedings to be conducted through him. Any other rule would lead to great confusion in the administration of justice.

There is nothing in the Code which alters this practice. The 385th section, which says a defendant may serve upon a plaintiff

an offer in writing, &c., does not mean that the defendant may do so, regardless of his attorney, but may do it according to the mode in which the practice of the court requires it to be done.

The proper course for the plaintiff was to move the court on notice to the defendant's attorney for leave to enter judgment on such a paper.

This motion must be granted; but without costs, and with leave to the plaintiff to move for judgment.