By the Court,
Robertson, Ch. J.
The complaint in this case seeks to recover the residue of the price of a certain number of barrels of apples, sold at a certain price each, and the expense of storing and handling them. The answer sets up, by way of defense, the non-delivery of some of such barrels of apples ; also, as a counter-claim, damage by reason of such non-delivery, and, as a like counter-claim, the abstraction by the plaintiffs, after the delivery of the whole quantity, of a number of barrels of apples, and their application of them to their own use, which last number was the same as that alleged not to have been delivered. The plaintiffs replied to such answer, not directly controverting the facts therein stated, but denying every portion of it which alleges that they are indebted to the defendant, in any sum, for any cause whatever; also denying, generally, that they have failed to comply with any agreement made between them and the defendant, or that the defendant has suffered any damage from their failing to *609 comply with any agreement; and alleging, generally, that they have fully kept all agreements made between them and the defendant concerning the sale and delivery. This, however, in the absence of a motion to render it more definite, probably, put in issue the non-delivery of the missing barrels, set up in the answer, but left the allegation of the abstraction and appropriation of some after the whole had been delivered, unanswered.
Upon the trial, the learned judge, before whom the case was tried, dismissed the complaint, simply upon the motion of the defendant, who, so far as he was concerned, probably thereby waived all claim for what he set up as a counter-claim; but the plaintiffs, who excepted to the dismissal of the complaint, had a right to insist that such counter-claims should be passed upon by the jury in this action, and that the defendant, after having once made the issue, should not he allowed to withdraw it, reserving the right of bringing a new action for the same cause. (Fabricotte v Laumitz, 1 Code Rep. N. S. 121. Farmers’ Loan and Trust Co. v. Hunt, Id. 1. Hammond v. Baker, Id. 105.) An offer, under section 395 of the Code, made and accepted after a counter-claim, extinguishes the cause of action under such counter-claim. (Schneider v. Jacobi, 1 Duer, 694.) One trial in an action must dispose of all the issues, but that was not done in this case.
Without reference to the defect of proof, on the part of the plaintiffs, of the delivery of the full number of barrels of apples sold, I think that no such trial of all the issues in this cause which the plaintiffs had a right to have tried, took place, as warranted the judgment;' and it should he reversed, in order to have a trial of all such issues, with costs to abide the event.