## SUPREME COURT.

### Salmon C. Turner agt. Adelia R. Honsinger.

Where the defendant served an answer admitting two items in the complaint, and denied the balance of the complaint, and afterwards, on the same day, served an offer of judgment for $1.01 more than the amount of the admitted items, which offer was not accepted, but the cause was put on the calendar for trial and referred, and on the trial the defendant amended her answer and set up two counter-claims, one for $405.37, and the other for $8.61, and on the trial the plaintiff defeated the counter-claim of $405.37, and the defendant recovered upon the counter-claim of $8.61, and interest thereon, which was deducted from the amount admitted by the answer, and the balance of $87.37, reported as due the plaintiff March 22, 1866:

Held, that the plaintiff had recovered "a more favorable judgment than the one offered," and was entitled to full costs under section 385 of the Code.

*Clinton Special Term, June 5,* 1866.
*Before* BOCKES, J.

THIS action was brought to recover an amount alleged to be due on various items stated in the complaint.

The answer was served August 11, 1865, and admitted the defendant's liability upon two of those items, which amounted that day to $93.99, and denied all the other allegations in the complaint. One hour after the service of the answer, the defendant served an offer that plaintiff might take judgment for $95 and costs, making $1.01 more than defendant had admitted by the answer to be due.

The plaintiff did not accept the offer, but noticed the cause for trial at October circuit, 1865, and the same was referred, and in January, 1866, after the trial had progressed two days, the defendant amended her answer, and inserted therein two counter-claims, one of $405.37, and the other for $8.61, and interest from November 20, 1863. On the trial the defendant failed to recover any part of the first counter-claim, but did recover the whole of the second. The referee reported due the plaintiff $87.73, March 22, 1866, which is the balance of $93.99 and interest, after deducting the amount of the second counter-claim.

On these facts the plaintiff moved the court for *full costs* on the ground that he had recovered " a *more favorable* judgment," under section 385 of the Code, than the defendant offered.

D. S. McMASTERS, *for motion,*

cited in favor of the motion 7 *How.* 324; 2 *Bosw.* 499; 1 *Duer,* 694; 10 *How.* 270; 15 *Id.* 420; 26 *Id.* 398; 8 *Id.* 240; 30 *Id.* 13; 18 *Abb.* 368.

BECKWITH & SONS, *opposed.*

The judge granted the motion, and ordered that the plaintiff be allowed "*full* costs in the action, and the clerk

of Clinton county is hereby directed to adjust and allow
plaintiff's costs, &c., on the usual notice, after the entry of
this order, &c."

No written opinion was given.

The following Note furnished by one of the counsel in this case, gives his
views of the practical working of this section of the Code:

Note.—The rights of parties under section 385, are yet involved in much doubt
and uncertainty. Whether a plaintiff has recovered "*a more favorable judg-
ment*" under that section than was offered, has been and will continue to
be a difficult question to determine in consequence of the material facts of each
case being different from any previously reported case. The offer has a double
effect : *First,* it throws the costs of the future litigation upon the plaintiff, if he
does not recover a more favorable judgment than was offered ; and, *secondly,* to
throw full costs upon the defendant if he does not offer enough. *Practically,* the
defendant's attorney makes the offer a little in advance of the amount which he
believes the plaintiff *can* and *will* recover in the action, and in case the plaintiff
does not accept the offer, the future costs depend upon whether the recovery is
more favorable than the offer.

In *this* case the answer was first served. It admitted $93.99 due the plaintiff on
two items named, and denied all the others. Next came the offer on the same
day for $95, just $1.01 above the amount admitted to be due by the answer.

Had the litigation proceeded upon the complaint, answer and offer, as they then
stood, the plaintiff must have paid the future costs to the defendant, because he
recovered $1.01 less than the amount offered, upon the whole complaint. But had
the offer been accepted by the plaintiff, the defendant would have recovered two
counter-claims against the plaintiff, and they would not have been extinguished
by the acceptance of the offer, because not in the answer at that time. But on
the trial the defendant inserted in the amended answer two counter-claims, and
had the defendant recovered the full amount of both those counter-claims, the
defendant would have been entitled to costs after the offer, the same as though
the litigation had proceeded on the original pleadings. In both cases the plain-
tiff would have recovered upon his claims in the complaint $1.01 less than the offer.
The defendant in this case succeeded in establishing the second counter-claim of
$8.61, and the amount reported due the plaintiff was only $87.73, a sum much less
than the amount offered, which otherwise would have been $93.99. Still the
defendant pays full costs to the plaintiff, because the plaintiff defeated the other
counter-claim of $405.37. But suppose the plaintiff had defeated only $2 of this
last counter-claim? These $2 added to the $93.99, would exceed the amount of
the offer, and apparently give the plaintiff a more favorable judgment than was
offered, and entitle him to full costs.

But the report would have been in favor of the defendant for $317.99. In such
a state of the case, will the plaintiff be entitled to recover full costs against the
defendant, and have the same deducted from the amount reported against him,
or will the defendant enter judgment with full or partial costs? Such a case, and
a variety of other cases under this section, will arise for adjudication.

The case of *Ruggles et al.* agt. *Fogg* (7 *How.* 324), decided by Judge Harris, is
the leading case, and seems to have been recognized and followed in all subse-
quent cases under this section.

The rule to be extracted from that, and from this case and other cases, seems
to be, "that where the amount recovered, and the amount extinguished of the

# SUPREME COURT.

counter-claims inserted in the answer after the offer made, *together* exceed the amount offered, the plaintiff is entitled to full costs."

But whether this rule will be applied to a recovery by the defendant, as in the case above stated, remains to be seen.

The law ought to be that when an answer is served after an an offer made, or an answer is amended after an offer is made, the offer should be deemed to be withdrawn. With this amendment to the section, there will be little or no difficulty in determining whether the plaintiff in any given case has recovered a more favorable judgment than was offered, and the game now played for costs will be up.