Porter, J.
The import and effect of the offer must be determined by the condition of the pleadings at the time it was made. It did not mean one thing then, and another four days afterward. The answer was not designed to vary the terms of the previous proposition, but to take issue on the plaintiff’s demand, and to introduce cross-claims on the part of the defendant, for the purpose of reducing or defeating a *269 recovery, if no notice was given within the ten clays allowed by law. The intermediate pleading was in its nature, provisional ; and a notice of acceptance, whether served on the first or the tenth day, could apply only to the original offer. It would operate upon the plaintiff’s claim, but not upon independent causes of action existing in favor of the defendant.
The litigation resulted in a recovery more favorable to the plaintiff than the offer. The nominal amount was less than the sum proposed; but, in determining the right to costs, the plaintiff is entitled to the benefit of the counter-claims, which the defendant afterward elected to interpose, and which are now extinguished by the judgment. (Code, § 385 ; Fieldings v. Mills, 2 Bosw., 489; Ruggles v. Fogg, 7 How. Pr., 324; Budd v. Jackson, 26 Id., 401; Schneider v. Jacobie, 1 Duer, 694.)
The judgment should be affirmed.
Bockes, J.
Without considering the objection urged, that the appeal is irregular, I am of the opinion that the order awarding costs to the plaintiff was properly granted. The facts bearing on this question are as follows: the defendant’s attorney, before answering the complaint, served on the plaintiff’s attorney an offer under section 385 of the Code of Procedure, consenting that he might take judgment in the action for $70, and costs. The offer was not accepted. An answer was served three days after the service of the offer, setting up payment, and also counter-claims amounting to $100 42. On the trial before the referee, the plaintiff recovered a trifle less than the sum offered.
When an offer for judgment is given, pursuant to section 385, the plaintiff has ten days within which to accept it; and the section provides, that, if the offer be not accepted, and “ if the plaintiff fail to obtain a more favorable judgment, he cannot recover costs, but must pay the defendant’s costs from the time of the offer.”
The question now is, was the judgment recovered more favorable to the plaintiff than the offer ? The plaintiff insists that it was more favorable, because, in addition to the recovery, counter-claims to the amount of $100 42 were extinguished. *270 The offer should be construed as an offer in the action at the time it was served, in its then condition. It had no reference to the case when changed in its condition by future proceedings. In effect, it was this : as the case now stands between us, I will allow you to take judgment for. the sum offered. It meant this, and nothing more, when served; and its signification could not be enlarged from day to day afterward, without any intimation from the defendant of its more comprehensive import; and the section under which the offer was made evidently contemplates that it should take effect at the time of service, for it provides that, if the plaintiff fail to obtain a more favorable judgment, he must pay the defendant’s costs from the time of the offer.
Giving effect to the offer, as of. the time of its service, it is very obvious that the plaintiff obtained a more favorable judgment than he would by its acceptance, in this, that by the judgment, counter-claims to the amount, as set forth in the pleading, of $100 43 were extinguished. He was, therefore, entitled to recover the costs of the action, the same as if no offer had been served in the case.
All the judges concurred, except Hunt, J., who dissented.
Judgment and order affirmed.