## CITY COURT OF NEW YORK.

### FREDERICK S. MYERS agt. WILLIAM E. UPTEGROVE *et al.*

*Common law lien — How acquired on personal property — When not lost by taking promissory note — Delivery of part of the property does not defeat the lien.*

Any person, who by labor and skill imparts additional value to personal property, acquires a common law lien thereon which is not lost by taking the promissory note of the debtor, payable to their order, provided possession of the property be retained, and before demand therefor, the debtor becomes insolvent and the note is in consequence dishonored. Nor does the negotiation of the note divest the lien if the lien holder is obliged to provide for its payment.

The surrender of the note upon the trial is in such a case sufficient.

Where labor is done under one contract a delivery of part of the property does not defeat the lien upon the remainder for the entire consideration.

*Trial Term, February,* 1886.

TRIAL by the court without a jury.

The defendants sawed timber for Fitzpatrick & Co., lumber merchants, and their bill, aggregating $761.09, became due in June, 1885. After pressing Fitzpatrick & Co. for payment, the:

defendants, on August 12, 1885, accepted Fitzpatrick & Co.'s note, payable in two months thereafter to the defendants' order. The defendants indorsed the note and had it discounted by the First National Bank of Middletown, N. Y. On the 26th of August, 1885, Fitzpatrick & Co., in consideration of a precedent debt, transferred the lumber to the plaintiff, who demanded it from the defendants on the 29th of September, 1885. The defendants refused to part with the lumber until their bill was first paid, whereupon the plaintiff brought the present action of claim and delivery to recover its possession. The defendants gave a counter bond and still retain possession of the property. The summons is dated September 30, 1885, and on the following day Fitzpatrick & Co. made a general assignment for the benefit of creditors to John Jeroloman, in whose place the present plaintiff was by order of the court subsequently substituted. Fitzpatrick & Co.'s note fell due October 15, 1885, and was protested for non-payment. The defendants, as indorsers, took it up and offered to surrender it at the trial.

*Joroloman & Arrowsmith*, for plaintiff.

*Rodman & Adams*, for defendants.

McADAM, C. J.—It is conceded that the defendants having, by their labor and skill, imparted additional value to the timber, acquired a common law lien, which gave them the right to detain the property till reimbursed for their expenditure and labor, and unless it has been lost by reason of the facts above detailed, the lien justified the defendants in refusing to deliver the property to the plaintiff without prepayment, and furnishes a complete defense to the action. The plaintiff merely succeeded to the title of Fitzpatrick & Co., and has no greater rights or equities than that firm would have had if the transfer by it to him had not been made; for, as was said in an analogous case by PARKER, J. (*Dixon agt. Yates, 5 B. & Adol.,* 342

343), "there was no delivery to the sub-vendee; and the rule is clear that a second vendee who neglects to take either actual or constructive possession is in the same situation as the first vendee under whom he claims. He gets the title defeasible on non-payment of the price by the first vendee."

The question which then arises is, whether the acceptance of Fitzpatrick & Co.'s note, payable at a future day, divested the lien?

There are cases holding that where a future time of payment is fixed the special agreement is inconsistent with the right of lien and destroys it (*Blake* agt. *Nicholson*, 3 *Maule & S.*, 168; *Chase* agt. *Witmore*, 5 *id.*, 306; *Crawford* agt. *Houfray*, 4 *B. & Ald.*, 50; *Burdict* agt. *Murray*, 3 *Vt.*, 302; *Trust* agt. *Pierson*. 1 *Hilt.*, 293; *Dunham* agt. *Pettee*, 1 *Daly*, 112; *Fieldings* agt, *Mills*, 2 *Bosw.*, 489).

The only future time of payment fixed in this case was that which the law implies from the acceptance of Fitzpatrick & Co.'s note, payable at a future day (the lien being in full force at the time of such acceptance), and this is subject to the quali-fication that if afterwards insolvency happens, and the bill is dishonored, the party exercises a right analogous to that of stoppage *in transitu*, which may be enforced by the vendor who has not parted with his property by retaining and refusing to deliver it (*Benjamin on Sales, sec.* 773); for a vendor may refuse to deliver goods wherever the right to stop them *in transitu* exists (*Craven* agt. *Ryder*, 6 *Taunt.*, 434; *Stiles* agt. *Howland*, 32 *N. Y.*, 309; *Cross* agt. *O'Donnell*, 44 *id.*, 665).

The case at bar is, therefore, analogous to that of a vendor who has sold goods and not parted with possession. In that event the vendor has a common law lien for the price, and if he has sold on credit he has not destroyed his lien, but waived it upon the implied condition that the vendee shall keep his credit good, and if, pending the term of credit, the vendee becomes insolvent, and the goods remain in the actual possession of the vendor, the vendor's lien revives, even though the title and right of possession may have passed to the vendee (*Ham-*

*burger* agt.· *Rodman,* 9 *Daly,* 93). I find, as matter of fact, that Fitzpatrick & Co. were insolvent at the time they gave their note, and that such insolvency continued up to the time of trial. Under such circumstances, the note which they gave to· the defendants did not pay the pre-existing debt represented by their lien (*Noel* agt. *Murray,* 13 *N. Y.,* 167; *Gibson* agt. *Tohey,* 46 *id.,* 640; *Ward* agt.· *Evans,* 2 *Lord Raym.,* 930; ·*Wehrlin* agt. *Schwartz,*˜1 *City Ct.,* 101).

In *Roberts* agt. *Fisher* (43 *N. Y.,* 159), the court said: "Upon. broad principles. of justice, it would seem that a man should not be allowed to pay a debt with worthless paper, though both persons supposed it to be good." On this principle, payment. in bills of an insolvent bank, supposed to be good, is not. a satisfaction of the debt (*Ontario Bank* agt. *Lightbody,* 13 *Wend.,* 101; *Thomas* agt. *Todd,* 6 *Hill,* 340).

A promissory note is merely a promise to pay, and where a debt is conceded to be owing, it should not be regarded in law or in morals as paid by a broken promise, unless prevailing equities are so strong that substantial justice requires a departure from sound principles of legal policy.

The defendants never relinquished possession of the property on·which they bestowed their labor, and have always maintained and asserted their right of lien, which has not been extinguished by the unperformed promise of their debtors.

The defendants, as indorsers, were obliged to take up the· dishonored note, and its surrender at the trial, under the circumstances, was timely (*Nichols* agt. *Michael,* 23 *N. Y.,* 272,. 273; *King* agt. *Fitch,* 1 *Keyes,* 450).

The logs were sawed under one contract, though on different days, and the lien for compensation extended to every portion of them. The delivery of part did not defeat the lien upon the· remainder for the entire contract ·price (*Morgan* agt. *Congdon,* 4 *N. Y.,* 552; *Story on Contracts, secs.* 742, 797; *Schmidt* agt. *Blood,* 9 *Wend.,* 268; *Buckley* agt. *Furniss,* 17 *id.,* 504; *Partridge* agt. *Dartmouth College,* 5 *N. H.,* 286; *Benjamin on Sales,*. *sec.* 806).

Judgment accordingly, with costs.