GEORGE KAUTZ, Appellant, v. HARRY VANDENBURGH, Respondent.

*Papers considered on appeal — not the remarks of the county judge — offer of judgment and answer served the same day — priority of the respective services — effect of an offer, how determined — costs.*

Upon an appeal to the General Term from an order of a County Court, directing the retaxation of the costs in an action, only the papers used on the motion for the retaxation can be considered.

The remarks of a county judge in his certificate, as to an affidavit attempted to be used upon a motion and excluded by the court, cannot be considered by the General Term upon an appeal from the order rendered upon such motion, where the same are not embraced in the order appealed from.

Although both papers are served upon the same day, an offer of judgment may be deemed to have been served before or together with an answer, according to the intention of the parties serving the same.

The effect of an offer of judgment must be determined by the state of the pleadings when it is served, and the acceptance thereof will not extinguish a counterclaim in an answer, subsequently served, although such acceptance was made after the service of such answer.

After the service of a complaint the defendant in an action served an offer to allow the plaintiff to take judgment for a specified sum, and on the same day served an answer setting up two counterclaims. The offer was not accepted. The action was tried and a judgment recovered by the plaintiff, less in amount (excluding interest) than the sum for which the defendant offered to allow him to take judgment. The clerk of the court taxed the costs of the action in favor of the plaintiff.

*Held,* that such taxation was proper, as the amount of the defendant's counterclaim, added to the amount of the plaintiff's recovery, was greater than the amount for which the defendant offered to allow the plaintiff to take judgment.

APPEAL by the plaintiff, George Kautz, from that portion of an order of the County Court of Albany county, entered in the office of the clerk of the county of Albany on the 18th day of December, 1893, which vacates and sets aside the taxation of costs in the action, made by the county clerk of Albany county, and directs the taxation of a bill of costs in favor of the defendant, with notice of an intention to bring up for review on such appeal such order except that portion of it which directs that the judgment and order entered by the defendant be vacated.

*George W. Stedman*, for the appellant.

*James C. Matthews* and *Mark Cohn*, for the respondent.

PUTNAM, J.:

The action was brought to recover for work and materials. The complaint, served May 2, 1893, set up one cause of action and demanded judgment for $179.61. On the first day of June defendant, pursuant to section 738 of the Code of Civil Procedure, served an offer to allow a judgment for $105 and costs, and on the same day served an answer denying plaintiff's cause of action and setting up two counterclaims. The offer was not accepted. Afterwards plaintiff served an amended complaint setting up an additional cause of action and demanded judgment for $246.51. The defendant served an answer to the amended complaint, denying plaintiff's cause of action, and set up the same counterclaims and demanded judgment for the dismissal of the complaint. The offer to allow judgment was not renewed after service of the amended complaint and the answer thereto.

Plaintiff on the trial recovered a sum (excluding interest) less than the amount the defendant offered. He claimed costs, however, on the ground that, by the judgment, the counterclaims set up in defendant's answer were extinguished, and the amount of such counterclaims and the sum recovered being larger than the offer of defendant, the judgment was more favorable than the offer. The county clerk took that view of the case, and taxed costs in favor of the plaintiff. This taxation was, however, overruled by the Albany County Court. Said court directed the clerk to set aside the taxation of plaintiff's costs and to allow defendant the costs of the action. The plaintiff appeals.

This being an appeal from the order of the County Court, we can only consider the papers used before it on the motion for retaxation. An affidavit of James C. Matthews was attempted to be read by defendant, but was excluded by the court on the ground that a copy thereof had not been served. The county judge, in his discretion, could have allowed the affidavit to be used, or could have postponed the hearing so that a copy of such affidavit could have been properly served. But such a course was not taken, and, the affidavit having been excluded by the Albany county judge, we cannot consider it on the appeal.

Nor can we properly give any force to the remarks of the county judge in his certificate as to the said affidavit of Matthews, "that it was unnecessary to consider said affidavit, as the statements made by counsel for defendant and plaintiff showed that as a fact, the service of the offer of judgment and answer was one transaction made at the same time and on the same day, the offer of judgment being handed to the attorney for the plaintiff first and the answer next and immediately after the offer of judgment."

If such remarks of the county judge had been embraced in the order appealed from, it might have been deemed that he acted on the oral admissions of the parties before him, and such remarks might have been regarded by us. But contained in the certificate, said statements of the court below must be deemed like an opinion of the county judge and cannot properly influence our judgment formed on papers before us.

From the papers before us it then appears, by the affidavit of George W. Stedman, that the offer of judgment in the case was served before the service of the answer, although it is admitted that such service of both papers was made on the same day. Said affidavit is not contradicted. The admission of service made by plaintiff's attorneys on the back of the offer of judgment and answer, show a service of the two papers on the same day, but do not contradict the statement that the offer was served before the answer.

We have no doubt but what an offer of judgment can be deemed served before an answer, although both papers are served on the same day. This was held in *Ruggles & Others* v. *Fogg* (7 How. 324) by HARRIS, J. This case was cited in *Schneider* v. *Jacobie*

(1 Duer, 694, 695) and approved in *Tompkins* v. *Ives* (3 Abb. [N. S.] 267, 268, 269, Ct. of App.).

An offer and answer served the same day might be deemed served together or at different times according to the intention of the parties serving them. Here, in the papers we are at liberty to examine, it appears by the undisputed affidavit of an intelligent and reputable attorney that the offer was first served. It is to be regretted that the attorney of respondent did not take proper means to read an affidavit before the County Court stating his view of the facts of the case.

The papers then showing that the offer in question was first served, the contention of the appellant, that the judgment obtained was more favorable than the offer, should have been sustained. It is settled in such a case that the effect of an offer must be determined by the state of the pleadings when it is served, and the acceptance thereof will not extinguish a counterclaim in an answer subsequently served, although such acceptance were made after service of such answer. (*Tompkins* v. *Ives*, 3 Abb. [N. S.] 267, 268; *Fieldings* v. *Mills*, 2 Bosw. 489.)

The papers presented to us, therefore, show that defendant's answer was served subsequently to the offer of judgment, and, hence, it appearing that the plaintiff has obtained a judgment extinguishing defendant's counterclaim, which would not otherwise have been extinguished, we think the judgment obtained was more favorable than the offer, and, hence, that the plaintiff was entitled to the costs of the action.

The order of the County Court should be reversed, with costs, and the motion denied.

MAYHAM, P. J., and HERRICK, J., concurred.

Order of County Court reversed, with costs and printing and other disbursements, and motion denied.