(8 Misc. Rep. 619.)

### DOWD v. SMITH.

(Supreme Court, Special Term, Cortland County. May 31, 1894.)

1. OFFER OF JUDGMENT—REQUIREMENTS—WRITING.
　　Under Code Civ. Proc. § 738, providing that "defendant may before trial serve * * * a written offer to allow judgment to be taken against him," and section 740, which provides that the offer must be subscribed by the party making it, or his attorney, an offer of judgment must be in writing.

2. COSTS—REFUSAL OF OFFER OF JUDGMENT.
　　An offer of judgment, though made before issue is joined, if accepted, bars any future litigation between the parties, arising out of the subject-matter of the transaction; and therefore an affirmative judgment for plaintiff for less than the amount of the offer is not rendered more favorable to the plaintiff than the offer by the fact that on the trial a counterclaim set up in the answer subsequently served, which, together with the amount of judgment, exceeded the amount of the offer, was liquidated.

Action by Mary A. Dowd against Dudley B. Smith on a contract of sale. Defendant moves for a new taxation of costs. Granted.

Wm. D. Tuttle, for plaintiff.

Irving H. Palmer, for defendant.

FORBES, J. This is a motion for a new taxation of costs. The defendant asks to strike out the plaintiff's costs, awarded to her upon a taxation by the clerk of Cortland county, and to insert in the judgment in this action costs in favor of the defendant. The

action was brought by the plaintiff to recover under a contract for the sale and partial delivery of a quantity of hay. Before answering in the action, the defendant offered to allow a judgment to be taken against him for the sum of $90 and costs, which offer was not accepted within the time required by law. The defendant thereafter answered, setting up two counterclaims: First, a counterclaim for breach of the contract of sale on the part of the plaintiff, in refusing to deliver all of the hay purchased, arising out of the same transaction stated in the complaint, and demanding damages therefor in the sum of $140. This was pleaded as a counterclaim, and also as a defense. A second counterclaim was interposed to the plaintiff's complaint, for board, feed of teams, and materials used in pressing and baling the hay in question, and also for labor and materials furnished in pressing other hay and straw by the defendant for the plaintiff. The action was referred to the Honorable Joseph E. Eggleston, as referee, to hear and determine. The referee found that the defendant was entitled to counterclaim against the demand made in the complaint the sum of $39.42 upon the plaintiff's claim for damages for a breach of the contract, and also awarded to the defendant the sum of $15.38 for pressing other hay and straw at the plaintiff's request, but found a verdict in favor of the plaintiff, and that she was entitled to recover against the defendant the sum of $70.16 damages, with interest from the 23d day of February, 1892, to the 22d day of July, 1893; making a total recovery in favor of the plaintiff against the defendant of $76.11, or $13.89 less than the offer, upon the face thereof, before the issue was joined; to which add interest on the offer from July 1, 1892, to the time of the entry of the judgment (July 22, 1893), $5.71, which makes a total offer of $95.71, which makes the total recovery $19.60 less than the offer. As to adding interest on offer, see Bathgate v. Haskin, 63 N. Y. 261. The plaintiff's attorney claims that the plaintiff is entitled to costs upon the ground that the judgment obtained by the plaintiff is more favorable to her than the offer made, upon the theory that in the trial of the action she has liquidated the sum of the counterclaims, $54.80, and recovered a judgment in her favor for $76.11, which, added to the counterclaims liquidated, would make $130.91, while the offer made by the defendant allowed her a judgment for only $90 and costs, with interest on the offer, $5.71, making the total value of the offer $95.71. It is conceded that if the defendant's offer had been made after the joining of issue, when the plaintiff had full knowledge of the defendant's counterclaims and set-off, the offer of $90 would have made the recovery more favorable to the defendant, and, therefore, that the defendant would have been entitled to costs. The defendant claims that this offer was renewed after the joining of issue by the service of the answer in this action, but there is no evidence before the court that a valid offer was made at the time of, or after, the joining of the issue. Section 738 of the Code of Civil Procedure provides:

"The defendant may, before trial, serve upon the plaintiff's attorney. a written offer, to allow judgment to be taken against him, for a sum, or property, or to the effect, therein specified, with costs."

The Code seems, therefore, to provide that the offer shall be made in writing; and that view seems to have been taken by the court in the case of Sterne v. Bentley, 3 How. Pr. 331, which holds:

"An offer in writing to allow judgment to be taken against the defendant, signed by his attorney, is in compliance with the Code, and is equivalent to a signing by the defendant himself."

In Webb v. Dill, 18 Abb. Pr. 264, it is held that where an attorney has once been employed and appeared in the action the attorney must sign the offer of judgment, or, if signed by the defendant, notice thereof must be given to the attorney. Under section 740 of the Code of Civil Procedure, which is a new provision, there seems to be no question that the offer must be in writing, and subscribed by the party making it, or by his attorney, who, when he subscribes it, shall annex thereto an affidavit of authority in behalf of the party. That a second offer can be made is held in the case of Hibbard v. Randolph, 72 Hun, 626, 25 N. Y. Supp. 854. It is also held in the case of Smith v. Kerr, 49 Hun, 29, 1 N. Y. Supp. 454, that the service of a copy of the offer, and affidavit of the authority annexed, is a compliance with the statute, and the delivery of the original · papers is not essential to the service. These authorities seem to be sufficient to settle the proposition that the offer must be in writing, and that there was but one offer made in this case.

The more difficult question to determine is the one first suggested: Is the judgment for damages, as entered, more favorable to the defendant than to the plaintiff? Upon this proposition depends the question as to whether the plaintiff or the defendant is entitled to costs. The leading authority upon this subject appears to be the case of Ruggles v. Fogg, 7 How. Pr. 324, which holds that where, upon the trial, the plaintiff extinguishes a set-off of the defendant, which, with the verdict obtained, exceeds the defendant's offer, the plaintiff is entitled to full costs. This case seems to have been followed in the case of Turner v. Honsinger, 31 How. Pr. 66, and the same doctrine seems to have been approved by the court of appeals in Tompkins v. Ives, 36 N. Y. 75. In this case, Porter, J., says:

"The nominal amount was less than the sum proposed; but in determining the right to costs the plaintiff is entitled to the benefit of the counterclaims which the defendant afterwards elected to interpose, and which are now extinguished by the judgment;" citing, among other cases, Ruggles v. Fogg, supra.

The same rule seems to be laid down in 1 Rumsey, Pr. p. 631; Baylies, Tr. Pr. p. 63. Costs are a creation of the statute and can be awarded only in cases which are clearly within the statutory provision. Patterson v. Burnett (Sup.) 4 N. Y. Supp. 921.

Counsel for the defendant claims that the cases cited supra must be distinguished from the case at bar upon the theory that, notwithstanding the answer in the case was not served, the counterclaim for damages for a breach of the contract was known to the plaintiff, and that the offer of judgment, had it been accepted by the plaintiff, would have barred the counterclaim, $140, and that a judgment in favor of the plaintiff would have been a liquidation of the defendant's demand arising out of the same transaction, and cites, in

principle, as establishing this doctrine, cases where physicians have brought an action for their services, and upon a recovery of a judgment in their favor, without answering, a subsequent claim for malpractice was barred. Gates v. Preston, 41 N. Y. 113; Blair v. Bartlett, 75 N. Y. 150. To the same effect, in principle: Newton v. Hook, 48 N. Y. 676; Dunham v. Bower, 77 N. Y. 76; Robinson v. Marks, 19 Hun, 325. Had the defendant's attorney included in his offer the liquidation or discharge of his counterclaims subsequently interposed by the answer, there would have been no question, probably, that the defendant would have been entitled to costs, because then the judgment would clearly have been more favorable to the defendant. Ruggles v. Fogg, supra. This case seems also to hold that had the plaintiff accepted the defendant's offer, without a discharge of the counterclaims, he still would have retained a right of action against the defendant. But this case was decided in 1852, while the amendment of 1877 seems to make provison for a compromise of the claim, permitting the defendant to make an offer of judgment on the claims set up in the complaint; and by section 739 of the Code of Civil Procedure an offer of compromise of the defendant's counterclaim may be made by the plaintiff, where the counterclaim is greater than the plaintiff's claim. Are not these provisions therefore intended as a liquidation of all the demands between the parties? In other words, are they not intended as a compromise, to avoid all future litigation? and does not the offer, if accepted, bar any future litigation between the parties, arising out of the subject-matter of the transaction? This seems to be the position taken by the later decisions in the court of appeals, and is made applicable to actions in equity as well as to actions at law. Bathgate v. Haskin, supra. In the case of Davies v. Mayor, etc., 93 N. Y. 250, Andrews, J., in writing the opinion, at page 254, in speaking of the effect of a general offer, says:

"It rests upon the ground that a general offer of judgment, accepted, upon which judgment has been entered, concludes the party making it from bringing a new action for any part of the claim embraced in the complaint, and which might have been litigated in the action. The offer, under the Code, is made to save litigation. The party to whom it is made may accept or reject it. If he accepts it, and may afterwards bring a new action, and sustain it by proof that the whole claim originally made was recoverable, or that the amount of the offer was due on one of several causes of action embraced in the original action, it would or might destroy the only consideration upon which the other party acted in making the offer. Non constat that the offer would have been made except upon the view that its acceptance would extinguish the entire claim."

The same view was taken of that doctrine in Bathgate v. Haskin, supra. Miller, J., at page 264 of that case, says:

"The object of the provision is to circumscribe and arrest litigation by preventing trials, and thus diminish the expenses arising from the same, and avoid the trouble and annoyance, as well as the cost, of a legal controversy. The statute was a beneficial one, and should receive a liberal construction; and the object would, in part, be defeated, if it was restricted in its operation."

I should have no difficulty in adopting and applying this rule to the case at bar, so far as the counterclaim of $140, arising out of the same transaction set forth in the complaint, is concerned,—the

referee having allowed upon that claim the sum of $39.42, which must be regarded as a liquidation of that claim, under the complaint; and I think this counterclaim would have been fully barred by the entry of a judgment under the offer. And this would apply to the other counterclaim, if that set-off arose directly under any provision of the contract made between the parties for pressing the hay in question, because then it would have arisen out of the same transaction, and would also have been barred by the entry of the judgment. But the referee seems to have treated the set-off of $15.38 as a claim not arising out of the contract. By reference to the contract itself, as is it is made a part of the complaint, I am inclined to believe that the sum of $15.38 is so connected with the complaint and with the provisions of the contract as to be a part of the same transaction, and therefore properly a counterclaim. If this is correct, then the offer would have been a bar to any future recovery by the defendant upon what has been called the "set-off." But assuming it was clearly an independent cause of action, and therefore a set-off, it amounts to only $15.38, while the offer is more favorable to the defendant by the difference between the set-off, $15.38, and the balance above the defendant's judgment, $19.60, which leaves the offer more favorable to the defendant by $3.22. If I am correct in the conclusions which I have reached, the recovery is still more favorable to the defendant than the offer made by him; and the defendant is therefore entitled to recover his costs against the plaintiff for all proceedings after the offer was made, and the plaintiff is entitled to her costs and disbursements up to the time of the offer,—July 1, 1892.

The clerk of the county of Cortland is directed to make a new taxation in conformity with this opinion, offsetting the plaintiff's costs up to the date of the service of the offer, and deducting them from the sum of the defendant's costs and disbursements since the date of the offer, and tax and award to defendant his costs; and the defendant may be permitted to offset the same against the plaintiff's recovery and judgment in this action, with $10 costs of this motion.