## SHEARER v. HUTCHINSON COUNTY.

1. Comp. Laws, § 6108, providing that if plaintiff does not accept an offer for judgment made before trial, and fails to recover a sum equal to the offer he cannot recover costs, applied to an action by S. and others, in which leave was granted S., on his motion, to strike out the names of all the other plaintiffs after the offer was made, and the case proceeded in the name of S. as plaintiff.

2. In an action by S. against a county for services, the complaint alleged that "plaintiff at the request of the coroner," performed the services; and he testified that the coroner directed him to do certain work, and get such help as he needed; that he took three other men to assist him; and that he told them he would "put the bill in to the county for our services, and, as soon as the bill is allowed you will have your money." S. put in a bill in his own name for the amount claimed in suit, without mentioning either of the other men, and there was no evidence that he

had paid either of them.    *Held*, that he could not recover for their services.

(Opinion filed May 6, 1897.)

Appeal from circuit court, Hutchinson county.    Hon. E. G. SMITH, Judge.

Action for services, commenced in justice's court, and taken on appeal by defendant to the circuit court.    Before the trial in justice's court, the complaint was amended by striking out the names of all the plaintiffs except Shearer.    From a judgment in favor of plaintiff for part only of the amount claimed, and in favor of defendant for all costs accruing after an offer of judgment was made by it in justice's court, plaintiff appeals.    Affirmed.

The facts are stated in the opinion.

*W. J. Hooper*, for appellant.

*Wellington Brown*, for respondent.

CORSON, P. J.    The plaintiff and appellant instituted this action in a justice's court, in the name of himself and three others as plaintiffs.    The defendant made an offer, under the provisions of Sec. 6108, Comp. Laws, to allow judgment to be taken for the amount therein specified.    This offer was refused on the trial of the case in the justice's court, the plaintiff moved to amend his own complaint by striking out the names of the other three persons named as plaintiffs; and this motion being granted, the action proceeded in the name of the present plaintiff, who recovered judgment in the justice's court for an amount exceeding the sum offered.    The defendant appealed to the circuit court, in which the plaintiff recovered a judgment for less than the sum for which defendant offered to allow judgment to be taken.    The circuit court thereupon entered judgment for the plaintiff for the sum so found due and costs incurred prior to such offer, and entered judgment for the defendant for its costs incurred subsequent to the offer, amounting to $78.65.    From this judgment the plaintiff appeals to this court, and assigns as error:    (1) That the circuit erred in lim-

iting plaintiff's costs to the amount accruing prior to the offer for judgment, and in rendering judgment for costs for defendant subsequently to the offer for judgment; (2) that the circuit court erred in excluding certain evidence offered by plaintiff.

The contention of appellant as to the first assignment of error is that, plaintiff having amended his complaint by striking out the names of three of the plaintiffs, the provisions of Sec. 6108 do not apply. This contention cannot be sustained. The section contains no exception. It is clear and specific that if plaintiff "does not accept such offer before the trial and fails to recover in the action a sum equal to the offer, he cannot recover costs, but costs must be adjudged against him." Appellants theory is that the action was originally commenced to recover for services rendered the county by the four plaintiffs, and that such was the state of the case when the offer was made, but that, by the amendment, the action was converted into one for the recovery for the present plaintiff's services only. But there is nothing in the pleadings to sustain this theory. There was no amendment of the complaint or answer, and no change in the issues to be tried, other than the striking out of three parties as plaintiffs. Counsel cites Tipton v. Tipton's Adm'r (Ohio. Sup.) 30 N. E. 827, and Kautz v. Vandenburg (Sup.) 28 N. Y. Supp. 1046, in which it was held that where the offer was made and refused, and then plaintiff's claim reduced by a counterclaim subsequently pleaded, the plaintiff was entitled to full costs. The theory of these decisions is that plaintiff did, in fact, show that he was entitled to an amount greater than the sum offered, but that the judgment was reduced by the counterclaim allowed the defendant. But we apprehend that a mere change in the parties after an offer, made by the plaintiff himself, cannot affect the defendant's right to costs under the statute. The judgment of the learned circuit court was therefore clearly right and follows the statute strictly.

Appellant further contends that the court erred in excluding evidence of the value of the services of the three men re

ferred to. The plaintiff testified that he was directed by the coroner to take charge of a dead body found floating in the creek, and give it a decent burial, and get the help he needed. The plaintiff took to his assistance three other men. He says "I told them when I got them to help me that we would bury the body decently, and then I will put the bill in to the county for our services, and as soon as the bill is allowed, you will have your money." The plaintiff put his bill into the county, as follows: "Hutchinson County, Dr. to Wilson Shearer [specifying services], $25." No mention was made of either of the other men. His bill was allowed at $10, but he refused to accept it, and brought this action. The plaintiff neither gave nor offered evidence tending to prove that he had paid either of these men anything for their services. On the trial in the circuit court, the plaintiff offered to prove that all the services performed by himself and the other three men were worth. The court, upon objection, excluded this evidence, and the plaintiff now contends that this was error. We are of the opinion that the trial court ruled correctly. No theory has been advanced by the appellant under which the evidence was admissible. If the three men were employed by the plaintiff as agent for the county, and he was authorized to so employ them, then the county is the party to whom they must look for remuneration for their services, and it was immaterial to the plaintiff what the value of their services was. That such was plaintiff's understanding is evident from the complaint before it was amended by striking out the names of the three other plaintiffs. This complaint among other things, alleges "that the plaintiffs at the request of the coroner," performed the services, and that they were reasonably worth $25. It will be noticed that in the plaintiff's evidence he does not claim to have employed them upon his own responsibility, or that he agreed to pay them absolutely. He says: "I told them * * * and then I will put the bill in to the county for our services, and, as soon as the bill is allowed, you will have your money." But, when he put in the bill, he

made no mention of these parties. We fail to discover any ground upon which the evidence could have been admitted. Under the pleadings and evidence the plaintiff could not have recovered for their services' and hence, as before stated, it was immaterial to him what their services were worth.

The court in its instructions to the jury, charged them that the plaintiff was entitled to recover the fair and reasonable value of his own services, which he himself performed, but was not entitled to recover for the value of any services performed by the other parties. The court, we think, stated the law correctly to the jury, as applicable to the facts disclosed by the record in this case. Finding no error in the record, the judgment of the circuit court is affirmed.