UNITED STATES MORTGAGE & TRUST CO. v. HODGSON.

(City Court of New York, General Term. June 29, 1899.)

JUDGMENT—OFFER TO CONFESS—ANSWER.
Under Code Civ. Proc. § 738, providing for the filing of an offer to allow the taking of judgment for a sum or property, and giving plaintiff 10 days in which to accept such offer, an answer filed after the offer, and before the 10 days have expired, becomes a nullity on acceptance of the offer, as the acceptance relates back to the filing of the offer.

Appeal from special term.

Action by the United States Mortgage & Trust Company, as trustees, against John Melbourne Hodgson. From an order awarding defendant judgment on a counterclaim, and vacating a judgment for plaintiff upon an offer and acceptance of judgment, unless plaintiff stipulated to deduct from said judgment the amount of defendant's counterclaim, plaintiff appeals. Reversed.

Argued before SCHUCHMAN and HASCALL, JJ.

Rollins & Rollins, for appellant.
Joseph A. Arnold, for respondent.

SCHUCHMAN, J. The plaintiff brought an action against the defendant to recover $109.10 for water rents alleged to be owing by the defendant to an estate of which the plaintiff is the substituted trustee. On February 6, 1899, the defendant served an offer of judgment for $96.75, with interest from the 28th of July, 1898, and costs. On February 10th the defendant served an answer containing a counterclaim for $12.35, with interest from November 27, 1897. On February 15th the plaintiff served a notice accepting said offer of judgment, and on the following day (February 16th) entered judgment thereon, entirely ignoring defendant's counterclaim. On the plaintiff's failure to reply or demur to said counterclaim, the defendant obtained an order to show cause why he should not have judgment by default on counterclaim, and why the judgment entered by the plaintiff should not be vacated, and the judgment for the proper amount entered. This motion was granted, and from the order entered thereon this appeal is taken.

Section 738 of the Code of Civil Procedure provides:

"The defendant may, before the trial, serve upon the plaintiff's attorney a written offer to allow judgment to be taken against him for a sum or property, or to the effect therein specified, with costs. * * * If the plaintiff within ten days thereafter serves upon the defendant's attorney a written notice that he accepts the offer, he may file the summons, complaint and offer with proof of acceptance, and thereupon the clerk must enter judgment accordingly."

The offer is to be construed as an offer in the action, at the time it was served, in its then condition. Section 738 grants plaintiff 10 days' time of acceptance of offer. When plaintiff accepts the offer, it, in legal effect, relates back to the time of the service of the offer. Plaintiff, pursuant to above section, may then file the summons, complaint, and offer, and proof of acceptance, and thereupon the clerk must enter judgment accordingly; and the defendant's answer, although timely interposed, after the service of the offer of judgment, but before the acceptance thereof, becomes a nullity. Defendant had a right to interpose his answer herein when he did do so, but in law it was only provisional. If the plaintiff did not accept the offer, then the answer stood as valid pleading in the action, and the issues raised thereby proceeded to trial; but, if the plaintiff did accept the offer, then the answer became a nullity in this action. Tompkins v. Ives, 36 N. Y. 75; Kautz v. Vandenburgh, 77 Hun, 591, 28 N. Y. Supp. 1046. In all the precedents cited by the attorneys in their respective briefs, the fact was that the offer was not accepted. No case is cited where the offer was accepted, as in this action.

Order appealed from is reversed, with $10 costs and disbursements, and motion to vacate judgment entered herein on February 16, 1899, etc., is denied, with $10 costs. The judgment vacated is reinstated, and the order to clerk to cancel the record of the judgment is vacated, and any judgment on defendant's counterclaim is vacated. All concur.