WILLIAM J. SMITH, Plaintiff, v. TRIANGLE SILK MANUFACTURING COMPANY and Others, Defendants.

Supreme Court, New York County, June 4, 1927.

Pleadings — counterclaim — defendants, against whom plaintiff has claim for advances, set up counterclaim under Civil Practice Act, § 271, naming as additional parties defendant, plaintiff's assignors, to whom it assigned merchandise in excess of plaintiff's claim — counterclaim proper under Civil Practice Act, § 266, subd. 1, and § 271.

The defendant silk company, against whom plaintiff has a claim for certain loans and advances, properly set up a counterclaim, under section 271 of the Civil Practice Act, which brought in plaintiff's assignors as additional parties defendant and recited that as security for the advances defendant assigned to plaintiff's assignors merchandise and accounts receivable greatly in excess of the amounts loaned, and demanded an accounting of the proceeds against said assignors; though the plaintiff is not, in fact, liable to the silk company on such a counterclaim, the claimed offset, nevertheless, would be in the nature of a liability and would, therefore, be a liability of the plaintiff " along with " a claim against his assignors, within the meaning of section 271 of the Civil Practice Act.

Moreover, as the counterclaim would arise out of the contract set forth in the complaint or connected with the subject of the action, it would be maintainable. (Civ. Prac. Act, § 266, subd. 1.)

MOTION to strike out counterclaim interposed under section 271 of the Civil Practice Act.

*George Lion Cohen,* for the plaintiff, for the motion.

*Kurzman & Frank,* for the defendant Triangle Silk Manufacturing Company, opposed.

LEVY, J.    Plaintiff seeks to strike out the counterclaim of defendant Triangle Silk Manufacturing Company, interposed under section 271 of the Civil Practice Act, which brings in plaintiff's assignors, Morton H. Meinhard and Carrie W. Meinhard, as additional parties defendant. Plaintiff's assignors apparently made certain loans and advances to the business of the defendant and claimed a balance due of $14,654.08. The counterclaim sets forth that as security for the advances defendant assigned to the assignors merchandise and accounts receivable greatly in excess of the amounts loaned, and it demands an accounting of the proceeds against defendants Meinhard. Section 271 provides as follows: " Where a defendant sets up any counterclaim which raises questions between himself and the plaintiff along with any other persons, he shall set forth the names of all the persons who, if such counterclaim were to be enforced by cross action, would be defendants to such cross action."

If the counterclaim were one at law, question might arise as to the right to interpose it against the assignors along with the plaintiff, in order to enable the given defendant to obtain possible affirmative relief against the assignors and a dismissal against the plaintiff. While the latter is not, strictly speaking, liable to the defendant on such a counterclaim, nevertheless the claimed offset would be of the nature of a liability. There would consequently be a liability of the plaintiff " along with " a claim against the assignors, within the purview of section 271; and as the counterclaim would arise out of the contract set forth in the complaint or connected with the subject of the action (Civ. Prac. Act, § 266, subd. 1), it would be maintainable. In interpreting order XXI, subdivision 11, of the Rules of the Supreme Court (England), upon which our section 271 is modeled, the court in *Smith* v. *Buskell* (2 K. B. 362 [1919]) had before it an action for goods sold and delivered in which the defendant counterclaimed for damages for delivery of the goods in poor condition, and brought in the carrier as a defendant under the counterclaim, alleging that if it received the goods in good condition, it treated them so that when they arrived at their destination they were damaged. The court said: " The question we have to determine is whether the relief claimed against the railway company is so connected with the original subject of the cause or matter that it may properly be raised by counterclaim. * * * It seems to me it is impossible for us to

say that there may not arise circumstances when the evidence comes to be gone into at the trial which may show that the defendant is entitled to some relief arising out of the same state of facts against both these defendants to the counterclaim — the original plaintiff and the railway company. And circumstances may arise which will render it necessary for the Court in some way to apportion the damages as between these two defendants. If that is so, then I think that there is a sufficient connection shown between the relief claimed against the railway company and the original subject of the cause or matter to enable the claim against the railway company to be joined with that against the original plaintiff."

This decision would seem to sustain a counterclaim, at least in damages, in a case like the instant one. Is the situation any different because the counterclaim here is one in equity? True it is that no affirmative relief against the plaintiff could be obtained, nor could he be compelled to account. But the counterclaim could properly be determined at a separate trial prior to the other issue (Civ. Prac. Act, § 443, subd. 3), and the disposal of that issue would virtually terminate the controversy between all the parties.

The motion to strike out is, therefore, denied.