WARING-LACONIA Co., INC., Plaintiff, *v.* No. 964 GRAND CONCOURSE AND BOULEVARD, INC., and Others, Defendants.

Supreme Court, Bronx County, February 8, 1929.

*Kadel, Van Kirk, Trencher & Villamena,* for the plaintiff.

*Pfeiffer & Crames,* for the defendant No. 964 Grand Concourse and Boulevard, Inc.

*Louis Rosenberg,* for the committee defendants, Dreier, Grassi, Barnard, Berman, Strada and Bernstein.

GIBBS, J. Plaintiff and defendants Dreier, Grassi, Barnard, Berman, Strada and Bernstein, hereinafter referred to as the " mortgagees," move to strike out the fifth, eighth and ninth defenses and counterclaims contained in the answer of defendant No. 964 Grand Concourse and Boulevard, Inc. Reference to the briefs filed in support of the motion indicates that the relief sought is merely to strike out the counterclaims as improperly interposed and as irrelevant and redundant.

The action was brought to foreclose a mortgage executed by the defendant No. 964 Grand Concourse and Boulevard, Inc., hereinafter called the " mortgagor," to the mortgagees and there-

after acquired by plaintiff through mesne assignments. The fifth counterclaim alleges that the mortgage and the bond which it secures were made pursuant to a written agreement dated September 10, 1927, which provided that the mortgagees were to fully complete the building on the mortgaged premises, free and clear of mechanics' liens and procure a certificate of occupancy on or before October 31, 1927; that it had been agreed between the mortgagor and the mortgagees that the bond and mortgage were not to take effect or have inception as valid instruments unless and until the mortgagees had complied with their obligations under the agreement, and that through mutual mistake or mistake by the mortgagor and the fraud of the mortgagees this provision for conditional delivery of the bond and mortgage was omitted from the written agreement. It is further alleged that the mortgagees have failed to complete the building in the manner provided for or to obtain the certificate of occupancy within the time limited; that they have not kept the property free and clear of mechanics' liens and that they have failed to perform their part of the agreement in various other respects. Accordingly the mortgagor asks that the agreement be reformed so as to embody a provision that the bond and mortgage are to have no force or effect unless and until the mortgagees have fully performed their obligations under said agreement and that the bond and mortgage be declared null and void and be delivered up and discharged of record.

It seems to me that this counterclaim is properly interposed. Plaintiff as assignee of the bond and mortgage took it subject to the equities existing in favor of the mortgagor against the mortgagees and could not recover thereon if the bond and mortgage had no valid inception. The counterclaim tends to diminish or defeat plaintiff's recovery, and in my opinion constitutes a cause of action " arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action." (Civ. Prac. Act, § 266, subd. 1.) Moreover, it is a cause of action against the plaintiff since it seeks to compel the latter to surrender the bond and mortgage for cancellation. Apparently this relief is asked for on the theory that the mortgagees should not be allowed to enforce the bond and mortgage in view of their failure to perform their part of the agreement pursuant to which it was given. Even if the view be taken that the mortgagor is not entitled to the surrender and cancellation of the bond and mortgage, the counterclaim for reformation seems, nevertheless, to be properly interposed. The action is in equity and the mortgagor cannot succeed in its fifth defense without an adjudication that the agreement of September

10, 1927, should have contained the provision for conditional delivery of the bond and mortgage. All the parties to the agreement are parties to the action and plaintiff is the owner of the bond and mortgage given pursuant to the agreement.

Even if it be assumed that the facts alleged do not warrant any affirmative decree directed toward the plaintiff and that, therefore, no cause of action " against the plaintiff " is set up as required by section 266 of the Civil Practice Act, I am of the opinion that the counterclaim is nevertheless proper under section 271 of the Civil Practice Act in that it " raises questions between " the mortgagor " and the plaintiff along with any other persons " who are named as defendants. Thus in *Smith* v. *Triangle Silk Mfg. Co.* (129 Misc. 669) it was held that a counterclaim for an accounting from plaintiff's assignor was properly interposed in this action on the assigned claim although no cause of action against the plaintiff was asserted.

The eighth counterclaim alleges that the mortgagor has been damaged in the sum of $100,000 by reason of the mortgagees' breaches of the agreement of September 10, 1927. This counterclaim springs out of the very agreement which gave rise to the bond and mortgage and is clearly an equity in favor of the mortgagor to which the plaintiff's bond and mortgage are subject. I can see no justification for striking out this counterclaim. It is expressly pleaded as a set-off and no affirmative judgment against plaintiff is asked. It tends to defeat and diminish plaintiff's recovery since plaintiff seeks a deficiency judgment against the mortgagor in addition to the foreclosure of the mortgage. (See *Hunt* v. *Chapman*, 51 N. Y. 555.)

The ninth counterclaim prays for an accounting from the mortgagees of rents and other income from the property which came into their possession pursuant to the agreement of September tenth and which they were obliged to apply in reduction of the bond and mortgage upon which this action is based. The plaintiff as the assignee of the bond and mortgage could not recover the face amount due thereon if the mortgagees in fact received partial payment of that amount. The case of *Smith* v. *Triangle Silk Mfg. Co.* (*supra*) appears to be authority for the setting up of this counterclaim.

Under the circumstances I find that the separate defenses and counterclaims sought to be stricken from the answer are sufficient in law and in fact. Motions denied. Submit order.